Patricia P. WEISMAN,
Plaintiff-Appellant,

v.

CHARLES E. SMITH MANAGEMENT,
INC.; Wilson Associates,
Defendants-Appellees.

No. 86–1583.

United States Court of Appeals,
Fourth Circuit.

Argued March 3, 1987.

Decided Sept. 21, 1987.

Charles M. Rust-Tierney (Philip J. Hirschkop, Hirschkop & Associates, P.C., on brief) for plaintiff-appellant.

Michael Lee Zimmerman (Brault, Palmer, Grove & Zimmerman, on brief), for defendants-appellees.

Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.

MURNAGHAN, Circuit Judge:

This is a slip and fall case filed in federal court pursuant to diversity of citizenship jurisdiction. 28 U.S.C. § 1332. The action between plaintiff/appellant Patricia P. Weisman and defendants/appellees Wilson Associates and Charles E. Smith Management, Inc. was tried to a jury, which returned general verdicts in favor of the defendants/appellees. The United States District Court for the Eastern District of Virginia entered judgments in accordance with the general verdicts on March 25, 1986. On April 24, 1986, plaintiff/appellant filed a notice of appeal.

On March 24, 1987, after oral argument of the instant appeal, plaintiff/appellant filed a motion in the district court under Fed.R.Civ.P. 60(b) raising the same points urged in this appeal. The district court heard oral argument on that motion on April 10, 1987. The district court denied the motion on its merits for reasons stated from the bench, and issued a written order to that effect on April 13, 1987. Plaintiff/appellant has not appealed from that

order and the time for doing so has elapsed.

For the reasons which follow we now affirm the judgments entered by the district court on March 25, 1986. We also deny plaintiff/appellant's Motion to Supplement the Record on Appeal.

I

In 1983 plaintiff/appellant ("Weisman") worked for Kelly Girl Services in its office on the first floor of the Key Building in Arlington, Virginia. On June 10, 1983, at approximately 2:30 p.m., Weisman walked upstairs from that office to the second floor of the building. Weisman fell after taking one step on the second floor, which had just been waxed by non-party Calvin Thomas.

Defendant/appellee Wilson Associates ("Wilson") owns the Key Building. Defendant/appellee Charles E. Smith Management, Inc. ("Charles E. Smith") is the managing agent for Wilson, and is responsible for the leasing, maintenance and daily upkeep of the Key Building.

On October 5, 1983, Weisman filed a slip and fall suit against Wilson and Charles E. Smith in the Circuit Court of Arlington County, Virginia. Wilson and Charles E. Smith filed a third party complaint (seeking indemnification) against Red Coats, Inc., which performed certain maintenance services in the Key Building. The state court parties engaged in some discovery. Weisman voluntarily dismissed her state court action apparently for reasons unrelated to the merits of the litigation.

Weisman thereafter filed suit against Wilson and Charles E. Smith in federal court on October 17, 1985. Wilson and Charles E. Smith filed an Answer on October 24, 1985. Wilson and Charles E. Smith have been represented throughout the instant federal litigation by the same law firm which served as counsel for Red Coats, Inc. in state court. The arrangement apparently proceeds from Red Coats, Inc.'s indemnification obligation.

The federal court parties engaged in additional discovery. Weisman submitted document requests which provided in part:

*Request No. 5*

Complete personnel files and any additional documents referring to Calvin Thomas, including any documentation which concerns his employment termination following the accident which is the subject matter of this suit.

On November 26, 1985, Wilson and Charles E. Smith objected to the request on the sole ground that it "constitute[d] an invasion of the privacy of Calvin Thomas."

On December 9, 1985, Weisman submitted her First Request for Admissions, which provided in part:

3   That each of the following statements is true:

    a.   That at the time of the occurrence at issue in this suit, June 10, 1983, Calvin Thomas was an employee of Charles E. Smith Management, Inc.

    b.   That at the time of the occurrence at issue in this suit, June 10, 1983, Calvin Thomas was an employee of Wilson Associates.

On December 26, 1985, Wilson and Charles E. Smith answered the foregoing requests as follows: "3.a. Admitted. b. Denied."

Weisman also submitted interrogatories to Wilson and Charles E. Smith. On March 20, 1986, four days prior to trial, Wilson and Charles E. Smith answered one of the interrogatories as follows:

*INTERROGATORY NO. 2:*

Identify all persons known or believed by you to have been present in the vicinity of the accident. This request extends to all persons who were present at any period of time, no matter how short, from the two hours immediately before the accident to two hours immediately after the accident.

*ANSWER NO. 2:*

We know of no persons who were present in the vicinity of the accident. Mr. Weisman did claim that an individual named Calvin Thomas assisted his wife after her alleged fall. Mr. Thomas was a temporary maintenance employee of Wil-

son Associates from June 22 through July 15, 1983.

Wilson's and Charles E. Smith's answers to interrogatories were submitted over the signature of Warren Dennis Whitworth, an employee of Charles E. Smith who, at the time of Weisman's fall, was employed by both Wilson and Charles E. Smith.

The case was tried on March 24 and 25, 1986. At trial Wilson and Charles E. Smith defended on the theory that, while Calvin Thomas had been an employee of *both* of them on June 10, 1983, he had not been acting within the scope of his employment for either in waxing the second floor of the Key Building. They contended that on the day in question a Red Coats, Inc. supervisor saw Calvin Thomas (who usually was a Red Coats, Inc. employee) working in the Key Building, and told him to wax the second floor. Wilson and Charles E. Smith argued that the waxing was outside Thomas' scope of employment, on the basis that he had been hired by them solely to do certain other types of cleaning on the first floor of the building.

The district court admitted evidence supporting the defense theory. The district court also refused to allow into evidence the Admission of December 26, 1985, and refused to instruct the jury on its binding effect, apparently on the grounds that the Admission was duplicative of the evidence and that such an instruction might unduly stress a particular aspect of the case. The jury returned general verdicts in favor of both defendants/appellees, and the district court entered judgment accordingly. Weisman initially filed no post-judgment motions but appealed directly. She later filed in the district court her ultimately unsuccessful motion for relief under Fed.R.Civ.P. 60(b).

## II

Weisman contends that Wilson and Charles E. Smith engaged in a pattern of fraudulent and misleading discovery responses in both state and federal court, resulting in their obtaining judgments in their favor in the district court. She seeks a new trial as a remedy for the fraud she claims was perpetrated in the district court.

■ Often a party does not seek to overturn a judgment on such grounds until sometime after that judgment has been affirmed on appeal or the time for appeal has elapsed, for the simple reason that the basis for such an allegation often is not known until after the judgment has become final. Under such circumstances the party seeking to overturn a federal civil judgment normally can proceed in three ways. That party can file a motion under Fed.R. Civ.P. 60(b)(3) for relief on the ground of fraud, misrepresentation or other misconduct.[1] *Great Coastal Express, Inc. v. Int'l Brotherhood of Teamsters*, 675 F.2d 1349, 1354–55 (4th Cir.1982), *cert. denied*, 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 978 (1983). *Cf.* Fed.R.Civ.P. 60(b)(1) (relief on the basis of surprise). The aggrieved party also can seek to set aside the judgment on the narrower theory that it was obtained by "fraud on the court." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); *Great Coastal*, 675 F.2d at 1353–54, 1355–57. Finally, the party that wishes to challenge the judgment can pursue an independent action in equity. *Great Coastal*, 675 F.2d at 1357–58.

■ Under each of those approaches, the proper court in which to raise the allegation that a judgment was obtained by fraud, misrepresentation or other misconduct normally is the district court. It is obvious that a motion under Fed.R.Civ.P. 60(b)(1) or (3) or an independent action in equity should be filed in the district court. Furthermore, the proper forum in which to assert that a party has perpetrated a "fraud on the court" is the court which allegedly was a victim of that fraud. *Universal Oil Co. v. Root Refining Co.*, 328 U.S. 575, 580–81, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447 (1946); *Hazel-Atlas*, 322 U.S. at 247–50, 64 S.Ct. at 1001–03; 11 C. Wright

---

1. Motions under Fed.R.Civ.P. 60(b)(1), (2) and (3) must be brought within one year of the entry of the judgment *and* "within a reasonable time." Fed.R.Civ.P. 60(b). Plaintiff/appellant's motion in the instant case was filed within one year of the judgment.

& A. Miller, *Federal Practice and Procedure* § 2870 at 249–50 (1973 and Supp. 1987). Here, it has been suggested that the United States District Court for the Eastern District of Virginia was such a victim.

In the instant case, plaintiff/appellant alleges on appeal that defendants/appellees obtained judgment in their favor by virtue of fraud, misrepresentation or other misconduct. Since this appeal was filed, she has filed a motion for relief under Fed.R.Civ.P. 60(b) in the district court, raising the same grounds urged on appeal, and that motion has been denied on its merits.

We believe that the district court is the proper forum to determine in the first instance whether there is sufficient basis to overturn the judgments on the grounds raised. That court is in the best position to decide whether any fraud was perpetrated upon it or other untoward action occurred, and is the proper forum for the adjudication of claims of plaintiff/appellant which fall under Fed.R.Civ.P. 60(b)(1) and Fed.R. Civ.P. 60(b)(3).[2] Plaintiff/appellant has not appealed from the district court's denial of her motion under Fed.R.Civ.P. 60(b), nor have we been given sufficient reason to believe that the deference due the district court in matters such as this permits our holding that plaintiff/appellant nevertheless is due a new trial.[3] We therefore affirm.[4]

### III

Plaintiff/appellant has raised additional grounds for appeal, including the admission of evidence which allegedly contradicts de-

fendants/appellees' Admission pursuant to Fed.R.Civ.P. 36, the refusal to admit that Admission as evidence, and the refusal to instruct the jury regarding the binding nature of that Admission. We find on the record before us that those arguments do not independently justify reversal by the Fourth Circuit.

For the foregoing reasons we affirm. We also deny plaintiff/appellant's Motion to Supplement the Record on Appeal.

AFFIRMED.

---

**2.** The bases for relief in an independent action in equity as well as a "fraud on the court" allegation usually can be raised in a motion under Fed.R.Civ.P. 60(b)(3), but they do not have to be so presented. Furthermore, the one year limit applicable to Fed.R.Civ.P. 60(b)(1), (2) and (3) does not apply to those two alternative approaches.

**3.** At oral argument of the instant appeal the panel suggested that the district court was the proper forum for resolution in the first instance of plaintiff/appellant's claims, by means of a motion under Fed.R.Civ.P. 60(b). In now relying on the district court's determination we

therefore need not discuss that court's power to adjudicate a motion under Fed.R.Civ.P. 60(b) while an appeal is pending absent permission of the court of appeals. *Cf.* J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.30[2] (2d ed. 1985 and Supp.1986); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2873 (1973 and Supp.1987); *Williams v. McKenzie,* 576 F.2d 566, 570 (4th Cir.1978).

**4.** References to the state court record could not alter our conclusion. We therefore deny plaintiff/appellant's Motion to Supplement the Record on Appeal.