896 F.2d 1367
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Allen P. HAYES, Plaintiff-Appellant,
v.
ELIZABETH CITY STATE UNIVERSITY, an agency of the State of
North Carolina; Jimmy R. Jenkins, Chancellor of said
University, in his individual and official capacity; Floyd
L. Robinson, Assistant to the Chancellor of said University,
in his individual and official capacity; Helen M. Caldwell,
Chairperson of Faculty Hearing Committee of said University,
in her individual and official capacity; Edyth B. Cole,
Chairperson of the Department of Education and Psychology of
said University, in her individual and official capacity,
Defendants-Appellees.
 No. 88-1169.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 29, 1989.
Decided: Feb. 8, 1990.
Rehearing and Rehearing In Banc Denied March 13, 1990.
 
 Allen P. Hayes, appellant pro se.
 Thomas J. Ziko, Office of the Attorney General of North Carolina, for appellees.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Allen P. Hayes, a former assistant professor at Elizabeth City State University (ECSU), filed suit under 42 U.S.C. Sec. 1983, claiming that the nonrenewal of his contract was racially motivated and in retaliation for his exercise of first amendment rights. He also claimed that he was denied due process in the nonrenewal and that his contract rights were violated. The district court granted summary judgment on the due process and contract claims, and a jury returned a verdict in favor of defendants on the equal protection and first amendment claims. Hayes appeals; we affirm.
 
 
 2
 As to the entry of summary judgment, we affirm on the reasoning of the district court. Hayes v. Elizabeth City State University, C/A No. 86-16-CIV-2 (E.D.N.C. Sept. 30, 1987; July 27, 1988). Finding a transcript of the pretrial hearing unnecessary to review of these claims, we deny Hayes's request that this transcript be prepared at government expense.
 
 
 3
 As to the judgment entered on the jury verdict, after review of the record and the briefs, we find no substantial question presented by the appeal and accordingly decline to order preparation of a trial transcript at government expense. See 28 U.S.C. Sec. 753(f). Hayes principally takes issue with the truthfulness of the testimony presented by the defendants. A claim that a verdict was obtained on the basis of perjured testimony, if in fact Hayes seeks to pursue such a claim, is properly brought under Fed.R.Civ.P. 60(b) rather than on appeal from the verdict. See Weisman v. Charles E. Smith Management, Inc., 829 F.2d 511 (4th Cir.1987). We likewise find no substantial question presented by Hayes's claim of error in the form of the jury verdict, in the jury charge, or in the exclusion of certain evidence.
 
 
 4
 We dispense with oral argument because the dispositive issues have been decided authoritatively. The judgment of the district court is
 
 
 5
 AFFIRMED.