991 F.2d 789
 2 A.D. Cases 1008
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gene A. GLENN, Plaintiff-Appellant,
v.
INLAND CONTAINER CORPORATION, Defendant-Appellee.
 No. 92-1685.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 11, 1992
Decided: April 16, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-92-27-R)
 Gene A. Glenn, Appellant Pro Se.
 Eva Susan Tashjian-Brown, Rodney Allen Satterwhite, MCGUIRE, WOODS, BATTLE & BOOTHE, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Gene A. Glenn appeals from the district court's order dismissing his claim under the Virginians with Disabilities Act ("Act"), Va. Code Ann. § 51.5-1-46 (Michie 1991), as time-barred.[1] We affirm.
 
 
 2
 Glenn underwent a knee replacement operation in February 1990 while employed with the Inland Container Corporation ("Inland"). In April 1990, he returned to work on a part-time basis, but by November 1990, had not yet been released to return to his full responsibilities. Consequently, Inland terminated Glenn's employment as of November 30, 1990 by a letter dated November 13, 1990 and received by Glenn between November 13 and November 23, 1990. On November 27, 1991, Glenn filed suit against Inland under the Act.
 
 
 3
 Inland moved for a dismissal or summary judgment on the ground that the action was filed more than one year after notice of the alleged discrimination and was, therefore, barred by the applicable statute of limitations. Although holding that the statute of limitations began to run when Glenn received the termination letter sometime before November 23, 1990 because he knew or should have known of the termination at that point, the district court denied Inland's motion. During later discovery, however, Glenn admitted that he had received verbal notice of termination from an Inland representative as early as August 1990. After considering this evidence, the district court granted Inland's Motion for Reconsideration and dismissed Glenn's claim as time-barred. Glenn appeals, questioning the district court's interpretation of when his cause of action accrued.[2]
 
 
 4
 The issue of accrual under the Act is one of first impression. The plain language of the statute states that a claim is actionable within "one year of the occurrence of any violation of any rights under this chapter." Va. Code Ann. § 51.4-46(B) (Michie 1991). This language suggests that Glenn's action accrued when he first knew or should have known of his termination, an interpretation consistent with cases involving similar statutory language. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (ruling that cause of action under Civil Rights Act of 1984 for denial of tenure accrued when tenure was denied, not when teaching position was lost); English v. Whitfield, 858 F.2d 957, 961 (4th Cir. 1988) (assessing time-bar defenses under § 1983, Title VII, Employee Protection Section of the Energy Reorganization Act and Age Discrimination in Employment Act at time of challenged conduct and its notification rather than at time of consequences). Therefore, we find that the one year statute of limitations under the Act begins to run when the individual first receives notice of the discrimination, not when the consequences of the discrimination occur.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Glenn originally filed suit in the Circuit Court of the City of Richmond. Inland removed the case to Federal Court based on diversity of citizenship
 
 
 [2]
 Glenn also asks this court to consider facts not raised in the district court
 Specifically, Glenn requests this court to consider a letter which allegedly indicates that Inland's decision to terminate Glenn occurred in November of 1990, a fact which Glenn asserts was intentionally withheld from the court. This court is not the proper forum to consider the legal effect of facts not raised in the district court nor is it the proper forum to appeal judgments allegedly based on fraud or misconduct. Bakker v. Grutman, 942 F.2d 236, 242 (4th Cir. 1991); Weisman v. Charles E. Smith Management, Inc., 829 F.2d 511, 514 (4th Cir. 1987). The proper vehicle for such an allegation is Fed.R.Civ.P. 60(b)(1) or Fed.R.Civ.P. 60(b)(3). Weisman, 829 F.2d at 514. We make no representations as to the validity or the significance of Glenn's allegations.