Ray H. CHEWNING, Jr. Plaintiff,

v.

**FORD MOTOR COMPANY, David J. Bickerstaff, and David J. Bickerstaff & Associates, Inc. Defendants.**

No. 3:98–2421–17.

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 18, 1998.

A. Camden Lewis, Anne D. Zuckerman, Lewis, Babcock & Hawkins LLP, Columbia, SC, Edgar F. Heiskell III, Charleston, WV, for plaintiff.

Henry Donald Sellers, Brent O.E. Clinkscale, Haynsworth, Marion, McKay & Guerard, Greenville, SC, for defendants.

## ORDER OF DISMISSAL AND REMAND

JOSEPH F. ANDERSON, District Judge.

This matter is before the court on motion of defendants to dismiss the matter on the pleadings pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. Plaintiff, has opposed this motion and seeks remand of the matter to the state court from which it was removed.

For the reasons stated below, this court dismisses all claims under Rule 12(b)(6) except to the extent they seek to vacate the prior judgment in *Ray H. Chewning, Jr. v. Ford Motor Company,* Civil Action No. 92–CP–289–359 (Kershaw County, South Carolina) (hereinafter *"Chewning I"* matter). As the only surviving claims seek equitable relief in the form of the vacating of a judgment, this court finds that those matters should be remanded to the court rendering the challenged judgment.

## STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted only when it appears that plaintiff can prove no set of facts in support of a claim that would entitle plaintiff to relief on that claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court must view the complaint in the light most favorable to plaintiff and resolve every doubt in plaintiff's favor. The plaintiff's allegations are to be taken as true for the purpose of ruling upon the motion. *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Additionally, any inference reasonably drawn from the complaint must be considered together with plaintiff's allegations of fact. *Murray v. City of Milford,* 380 F.2d 468, 470 (2d Cir. 1967). However, the court may not consider conclusions of law of unwarranted deductions of fact. *Mylan Laboratories, Inc. v. Akzo, N.V.,* 770 F.Supp. 1053, 1059 (D.Md.1991). It is also well-settled that a complaint cannot be amended by plaintiff's briefs in opposition to a motion to dismiss. *Id.* at 1068.

## BACKGROUND

In this action, plaintiff alleges that defendants engaged in a pattern of hiding or destroying evidence and lawyer-assisted perjury in *Chewning I.* Plaintiff alleges that he was damaged by these actions by an adverse result in *Chewning I.* The present action is asserted against the defendant in *Chewning I*(Ford), an expert witness who testified in the *Chewning I* trial (Bickerstaff), and the corporation that employed the expert witness (Bickerstaff & Associates).

The present complaint alleges five causes of action that are all directly related to alleged misconduct by the parties, witnesses and attorneys in *Chewning I:* (1) "Fraud and/or Non–Disclosure"; (2) "Intentional Non–Disclosure of Material Fact"; (3) "Fraud on the Court"; (4) "Civil Conspiracy"; and (5) "Spoilation of Evidence." Plaintiff seeks "judgment against Defendants, for damages including special damages, punitive damages, equitable relief estopping Ford from asserting the verdict procured by the Defendants' fraud and criminal acts, prejudgment interest, costs, attorneys' fees and such other relief as the Court deems proper."

In the complaint, plaintiff addresses the relationship between the present action and *Chewning I* as follows:

> This suit is a fraud suit and is not brought for the purpose of relitigating the claims in the underlying [case]. The evidence in this fraud case is limited to the facts and circumstances surrounding [defendants'] and others' actions during FORD's defense in [the earlier action] such as *inter alia,* fraudulent concealment, obstruction of justice and tampering with witnesses.

Complaint ¶ 14.

## DISCUSSION

This court begins its analysis with the presumption that verdicts are binding absent

reversal on appeal or direct authority allowing for relitigation. As to the latter, there are well-recognized procedural and common law doctrines that allow the presiding court to set aside a verdict and allow a new trial. *See Weisman v. Charles E. Smith Management, Inc.*, 829 F.2d 511, 513 (4th Cir.1987) (discussing three methods by which a party may seek to vacate a verdict, all of which must be addressed by the court in which the action occurred). At least one of the available methods is sometimes referred to as an "independent action in equity." *Id.* However, this court is aware of no authority allowing an independent actions for *damages*. *See generally Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1274 (10th Cir.1995) (treating such an action as one for equitable relief in the form of relief from judgment).

The court in *Robinson* was presented with a situation very similar to the allegations in this case. Plaintiffs, who had been unsuccessful in an earlier product liability suit, brought a later common law fraud action against both counsel for the defendant in the earlier action and a corporation related to the original defendant. Plaintiffs argued that they were "not attempting ... to have the previous judgment set aside.... Rather, they [were] seeking to recover damages ... caused by the defendants' fraud in the course of obtaining that judgment." 56 F.3d at 1272.

The Tenth Circuit Court of Appeals affirmed the trial court's dismissal of the claims against these third parties because "the previous judgment operate[d] as a bar to the damages claimed by the plaintiffs." 56 F.3d at 1272. Thus, the appellate court concluded that plaintiffs were barred by the doctrine of collateral estoppel unless and until they obtained relief from the underlying judgment.[1] The court stated that if plaintiffs were "not seeking relief from the underlying judgment" in favor of a third party, then "the common law fraud claims are barred because they are inconsistent with facts underlying the prior judgment." 56 F.3d at 1274 (the facts at issue being the underlying findings of liability, causation and damages). However, the Court of Appeals construed the action as "an 'independent action' for relief from the judgment" recognized by Rule 60(b). Because the identical Rule 60(b) challenges had already been resolved as to the direct party, the court concluded that such a claim was barred by collateral estoppel.

■ In a similar vein, plaintiff in this action suggests that the present action can somehow be tried without retrial of the earlier action. Complaint ¶ 14 (quoted *supra*). This court cannot envision how this could be accomplished. To succeed in this action as presently advanced, plaintiff would have to first prevail in proving that one or more of the defendants wrongfully denied him access to evidence or presented perjured testimony. Proof of these allegations would not, however, end the inquiry. To succeed in proving causation and damages, plaintiff would have to prove that but for these wrongful acts, plaintiff would have received a jury verdict awarding him damages in the earlier case. This clearly raises the collateral estoppel concerns addressed in *Robinson*. Moreover, a determination of the amount of damages in the present case would require the new jury to speculate as to the amount the prior jury would have awarded but for the defendants' wrongful conduct.[2]

In short, the fact finder in this case would have to speculate as to what a fact finder in an earlier case would have done if the case had been presented differently. *See generally Robinson*, 56 F.3d at 1273 n. 4 (rejecting

---

**1.** The Tenth Circuit Court of Appeals seemed to suggest that these additional parties could, in fact, be defendants in an independent action to set aside the verdict. At first blush, this seems unnecessary as the relief to be granted, a new trial, would not appear to require more than the parties to the original action. However, since the action can affect the interests of these other parties (in that they would lose the right to rely on the doctrine of collateral estoppel), it is arguable that they might be joined in such an action even though it would not appear necessary to this court. Their inclusion does not, however, appear to allow for any greater relief than would otherwise be available.

**2.** By including in his prayer a request that defendants be precluded from relying on the prior judgment, plaintiff suggests his mistaken belief that the underlying claim for damages could be tried separately by a retrial of the *Chewning I* case.

independent claim for *damages* for fraudulent misrepresentation which allegedly resulted in exclusion of documents at prior trial in part because of speculativeness of damages). By contrast, in an independent equity action to set aside a verdict for fraud on the court, the trial court does not determine that the verdict *would have been different* but "whether the alleged fraud harm[ed] the integrity of the judicial process." *Pumphrey v. K.W. Thompson Tool Co.,* 62 F.3d 1128, 1132–33 (9th Cir.1995) (affirming trial court's grant of a new trial in an "independent action" pursuant to Rule 60(b) alleging fraud on the court in the form of presentation of counsel-assisted perjury). Presumably, that new trial would be conducted without comment on any prior proceeding, thus allowing a fresh and untainted examination of the evidence.

Plaintiff also seeks punitive and other unspecified damages for defendants' alleged activities. Clearly, however, the basic causation underlying all claims would require a finding that defendants' actions caused an adverse verdict in the prior action. The basic injury, likewise, would be the verdict not awarded in the earlier action. *Robinson,* 56 F.3d at 1274–75 n. 6 ("without any basis to reopen or challenge the propriety of the prior judgment against them, the plaintiffs cannot establish damages and thus their common law claim for fraud must also fail").

In the face of established procedures that avoid speculation, plaintiff faces a substantial challenge to convince the court to adopt what appears to be a very novel alternative remedy. He has failed to do so. Indeed, plaintiff's own memorandum in support of remand seems to concede the limited nature of the remedies available to him by arguing that this matter must be remanded to the court that was "defrauded" by the alleged wrongful activities. Specifically, plaintiff argues that this court should "remand the entire matter to the State Court to enable that forum to

address whether or not it was defrauded by the activities complained of and what remedy should result therefrom." Plaintiff's Memorandum in Support of Remand at 1. Plaintiff repeatedly states that the defendants in this case committed fraud *on the state court* by offering false testimony and using lawyer-procured perjured testimony. *Id.* at 1–2. Plaintiff further states:

> The acts that give rise to these causes of action encompass the activities of Defendants Ford, Bickerstaff, Bickerstaff & Associates and Ford's attorneys during the discovery, the trial and after the trial of Chewning's *[Chewning I]* case.... Defendants apparently do not want the State Court they defrauded to hear this case. Rather, they want this Federal Court to hear the matter. As they rely upon the judgment obtained below to bar Chewning's claim, Defendants are intending for this Court to, in effect, enjoin Chewning from pursuing a remedy for the fraud perpetrated on the State Court and him.

*Id.* at 2–3.

Each of the cases plaintiff cites in support of his remand argument is an action seeking to vacate a judgment. None involves independent claims for damages. Neither has plaintiff directed the court to any authority that would allow for an independent claim at law. The cases he cites in support of his various claims merely state the elements normally applicable to those claims. None of the cited cases suggests that these causes of action may be applied in the special arena of fraud on a court or to support a claim for damages resulting from perjury in judicial proceedings. Rather, the only cases plaintiff cites in his memoranda which relate directly to judicial proceedings are either cases decided under Rule 60 and related doctrines that might result in the granting of a new trial,[3] or relating to the court's discretion to allow comment to a jury on the absence or destruction of evidence.[4]

---

3. *See* Plaintiff's Memorandum in Support of Remand at 4, citing common law fraud on the court cases as well as more recent Rule 60 and "independent cause of action in equity" cases.

4. Plaintiff relies on *Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148 (4th Cir.1995), which held

that a trial court had broad discretion to permit a jury to draw an adverse inference from a party's failure to provide evidence or from the loss or destruction of evidence. Nothing in this case suggests the existence of an independent cause of action.

The potential avenues for relief available to plaintiff are summarized in plaintiff's cited case of *Weisman*, as follows:

> Often a party does not seek to overturn a judgment on [grounds of fraud] until sometime after that judgment has been affirmed on appeal or the time for appeal has elapsed ... Under such circumstances, the party seeking to overturn a federal civil judgment normally can proceed in three ways. That party can file a motion under Fed.R.Civ.P. 60(b)(3) for relief on the ground of fraud, misrepresentation or other misconduct.... The aggrieved party also can seek to set aside the judgment on the narrower theory that it was obtained by "fraud on the court." *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944) ... Finally the party that wishes to challenge the judgment can pursue an independent action in equity. *Great Coastal Express, Inc., v. Int'l Brotherhood of Teamsters*, 675 F.2d 1349, 1357–58 (4th Cir.1982), *cert. denied*, 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 978 (1983) .

> Under each of those approaches the proper court in which to raise the allegation that a judgment was obtained by fraud, misrepresentation, or other misconduct normally is the district court. It is obvious that a motion under Fed.R.Civ.P. 60(b)(1) or (3) or an independent action in equity should be filed in the district court. Furthermore, the proper forum in which to assert that a party has perpetrated a "fraud on the court" is the court which allegedly was a victim of that fraud.

829 F.2d at 513 (emphasis added).

In the cited case of *Hazel–Atlas*, the Supreme Court discussed the long recognized power of the federal courts to alter or set aside judgments based on certain forms of after-discovered fraud, in spite of the general rule limiting correction of judgment to the term of court in which the judgment was entered. 322 U.S. at 244, 64 S.Ct. 997. The remedies available included "setting aside the judgment to permit a new trial, altering the terms of the judgment, or restraining the beneficiaries of the judgment from taking any benefit whatever from it." 322 U.S. at 245, 64 S.Ct. 997. The relief granted was clearly equitable in nature with the fact-finder being the court itself. *See* 322 U.S. at 248, 64 S.Ct. 997. In *Hazel*, the court found that the proper remedy was to set aside a judgment granting a patent to the party who had committed fraud on the court.

Similarly, the Fourth Circuit's reference to "an independent claim in equity" in *Great Coastal* does not create any independent claim for damages. Indeed, the "independent claim" itself appears to refer to the provisions of Rule 60(b). *See* 675 F.2d at 1357–58 (defendant "initially proceeded under the theory of fraud on the court under *Hazel–Atlas* and not under the second savings provision of Rule 60(b), the independent action in equity"). Whether separate from or contained within Rule 60(b), however, the only relief at issue was relief from the judgment. *Great Coastal*, 675 F.2d at 1358 (in discussing the "independent claim," the Fourth Circuit set forth five elements, the first of which was that there be "a judgment which ought not, in equity and good conscience, to be enforced").

Clearly, the remedies at issue in *Great Coastal, Hazel–Atlas*, and *Weisman* were equitable remedies relating to the validity of judgments. None of the three cases suggest the existence of an independent action for damages. Plaintiff has pointed to no cases that suggest otherwise.

The remedies plaintiff seeks, and the independent claims he desires to advance, would, in effect, allow relitigation of cases by placing before a jury a decision that has clearly been vested within the equitable powers of the court. Moreover, the claims, as plaintiff asserts them, would require litigation of a claim within a claim and require one jury to delve into the collective mind of another jury, a highly speculative and unprecedented practice. Finally, allowing the damages claims advanced by plaintiff to proceed would allow a dissatisfied party to "subvert the balance of equities contained in [Rule 60]" to an even greater extent than that which the court rejected in *Great Coastal*. 675 F.2d at 1356 (any definition of "fraud on the court" other than a very narrow one "could easily overwhelm the specific provision of 60(b)(3) and

its time limitation and thereby subvert the balance of equities contained in the Rule").

The remedy provided by Rule 60 and related common law doctrines vests the court with discretion to allow a new trial. If the court finds that a new trial is warranted, that new trial is conducted as if the first trial never occurred. This balance avoids the necessity for a trial within a trial, and recognizes the general interest in the finality of judgments, while still providing appropriate relief for ill-gotten judgments. Plaintiff's relief, if any, must be obtained under this carefully balanced scheme.

■ A Rule 60 motion or equitable action to set aside a verdict may be heard only by the court whose judgment is challenged. *Weisman*, 829 F.2d at 513. *See also* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 11 Federal Practice and Procedure § 2868 at 405 (West 1995) ("At one time it was thought permissible for a federal court to entertain an independent action seeking to restrain the enforcement of a state court judgment ... [but since 1935] the majority of the cases hold that the federal courts cannot enjoin the enforcement of state judgments"). Therefore, what remains of this action should be remanded to the state court that rendered the *Chewning I* judgment.

It appears from the briefs that plaintiff has already pursued at least one Rule 60(b) motion in *Chewning I*. Although defendants argue that plaintiff should be precluded from advancing the present claims because of an adverse decision on this prior motion, it is not clear to this court whether the same allegations here were or could have been raised in that motion. The resolution of those questions can, however, best be resolved by the original tribunal on remand. Similarly, whether all of the present defendants or only Ford can properly be retained as defendants in an equitable action to set aside a verdict should be decided by that court based on its procedures and applicable law.[5]

## CONCLUSION

For the reasons stated above, this court finds that plaintiff's remedy, if any, is to petition the original court either through a Rule 60 motion or an "independent action in equity" (if allowed by the procedures of that court), to reopen or vacate the earlier judgment. This court, therefore, grants defendants' motion to the extent it seeks dismissal of the independent claims for damages. This results in the dismissal, with prejudice, of all causes of action other than the third cause of action, except to the extent that they can be construed as a Rule 60 motion or independent action in equity to set aside a judgment to the extent such procedures are available in the state court.[6] Because the remaining claims can properly be pursued only in the court that rendered the judgment now challenged, this court also grants plaintiff's motion to remand. The remainder of the action may, therefore, be presented to the state court for decision under its applicable rules and case law relevant to plaintiff's third cause of action for fraud on the court and such other related claims in equity, if any, as the state court may allow to be added by amendment.

This matter is remanded without cost to either side.

**IT IS SO ORDERED.**

■

---

5. In their memorandum in opposition to remand, defendants advance various arguments which this court finds go to the merits of the inquiry remanded to the state court. This court has not, therefore, considered these arguments in regard to the present motion, reserving those for the state court on remand.

6. This court has not resolved whether any defendants other than Ford would properly be defendants in such an action. *See supra* note 1. However, the relief available should not vary.