IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-60189

FLOYD P WILSON; SELWYN WILSON

Petitioners-Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee

Appeal from the United States Tax Court
(9891-06L)

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Floyd and Selwyn Wilson ("Petitioners") appeal the tax court's grant of summary judgment in favor of the Commissioner of Internal Revenue. For the reasons set forth below, we affirm.

## I. FACTS AND PROCEEDINGS

Petitioners claimed flow-through loss deductions on their federal income tax returns for the 1981 and 1982 fiscal years based on their investment in Vulcan Oil Technology Partners ("Vulcan"). Vulcan was one of several Denver

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited partnerships that invested in enhanced oil recovery ("EOR") technology. The limited partnerships were comprised of several individual partners with Louis Coppage serving as general partner. In 1988, the Internal Revenue Service ("IRS") issued notices of deficiency to taxpayers whose flow-through losses it disallowed from the Vulcan investment for 1981 and 1982. On April 7, 1988, Petitioners, along with five other taxpayers who had claimed similar losses, filed a petition in tax court challenging the disallowance of these losses.

During the pendency of that action, the tax court decided two cases relating to EOR technology that affect Petitioners' suit. In Kraus v. Commissioner, 99 T.C. 132 (1992), aff'd, Hilderbrand v. Comm'r, 28 F.3d 1024 (10th Cir. 1994), the tax court heard consolidated matters which were test cases for over 2,000 related suits challenging the IRS's decision with respect to the EOR losses. The tax court disallowed the tax deductions, finding that the "transactions did not, and do not, constitute legitimate for-profit business transactions." Id. at 176. In Acierno v. Commissioner, 74 T.C.M. 738, *9 (1997), aff'd, 185 F.3d 861 (3rd. Cir. 1999), the tax court held that the Kraus decision was controlling on another Denver limited partnership whose general partner was Coppage, finding that the EOR investments there were also tax-motivated transactions.

After the tax court's decisions in Kraus and Acierno, Petitioners stipulated to the tax deficiency claimed by the IRS. The tax court entered an order reflecting these stipulations. Petitioners made no payments on the debts and, in 2005, the IRS sent Petitioners notice that it intended to levy to collect the unpaid liability. Petitioners sought a collection-due-process ("CDP") hearing before the IRS Appeals Office, arguing that there was doubt as to liability, collectibility, and effective tax administration. Petitioners also made an offer-in-compromise to settle the debt and sought to enter into an installment agreement. The IRS officer refused Petitioners' settlement offer as it did not

include the interest due on the tax debt. For the first time, Petitioners then asserted that their tax liability should be permanently abated, alleging that the IRS had committed fraud on the court by entering into a secret settlement with Coppage in return for his testimony in Kraus. Specifically, Petitioners asserted that the IRS agreed to categorize Coppage's tax liabilities as non-collectible in exchange for his testimony that the EOR transactions lacked economic viability. Based on these assertions, Petitioners claimed entitlement to the same abatement purportedly received by Coppage. The IRS Appeals Office rejected Petitioners' arguments and upheld the proposed levy action. Petitioners thereafter filed a petition in the tax court challenging this determination.

The tax court, determining that the offer-in-compromise had been rejected without adequate analysis, remanded the case for a supplemental CDP hearing. The tax court retained jurisdiction over the case. In this second hearing, the CDP officer determined that Petitioners' offer-in-compromise should be rejected, partly because Petitioners failed to file the required revised installment agreement offer. The findings from the CDP hearing were filed with the tax court.

The IRS then moved for summary judgment arguing that: (1) Petitioners' fraud on the court argument was an impermissible collateral attack on Kraus which could not be raised in a CDP hearing, and (2) Petitioners were precluded from challenging the underlying liability because they had received a statutory notice of deficiency. The tax court held that the supplemental CDP hearing properly considered all statutory elements of Petitioners' claim and granted summary judgment on both grounds and determined that the appropriate mechanism for raising the fraud on the court allegation was a motion to vacate Kraus. Petitioners timely appealed only the fraud claim.

## II. STANDARD OF REVIEW

We review a tax court's grant of summary judgment de novo. Staff IT, Inc. v. United States, 482 F.3d 792, 797 (5th Cir. 2007). "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In collection due process cases in which underlying tax liabilities are at issue, we review the underlying tax liability de novo and other administrative decisions for an abuse of discretion." Id. at 797–98 (footnotes omitted). Where the underlying tax liability is not at issue, we review for abuse of discretion. Christopher Cross, Inc. v. United States, 461 F.3d 610, 612 (5th Cir. 2006).

## III. DISCUSSION

Petitioners challenge the tax court's grant of summary judgment in favor of the IRS based on its determination that a CDP hearing is not the appropriate vehicle through which to bring a claim of fraud on the court. Petitioners argue that they do not challenge the underlying debt the IRS seeks to collect and do not wish to set aside the Kraus decision. Rather, relying on Dixon v. Commissioner, 316 F.3d 1041 (9th Cir. 2003), they argue that, because Kraus was tainted by fraud on the court, they are entitled to the same treatment Coppage may have received[1] in perpetrating the alleged fraud by entering into a secret abatement agreement with the IRS. Petitioners ask this court to remand the case to the tax court for an investigation into whether the Kraus decision was tainted by fraud while retaining jurisdiction to ensure a proper remedy.

---

[1] Petitioners speculate that, based on certain valuable pictures discovered by counsel in 2006 which "triggered memory of facts relevant hereto," Coppage "made a deal to get 'non-collectible' status at the IRS in return for his testimony" in Kraus. Petitioners state that they are unsure whether a secret agreement was reached with the IRS or whether Coppage has in fact paid any debt due to the IRS. Petitioners have filed a FOIA request in an attempt to obtain such evidence. Petitioners note that "[i]f Mr. Coppage has paid his IRS assessment plus interest and penalties, or any substantial part thereof, Petitioners may stand corrected and agree to reconsider."

While Petitioners claim no attempt to set aside the underlying obligation, their fraud on the court challenge goes to the very validity of the Kraus decision and, as discussed below, must be brought in the court on which the fraud was perpetrated. The proper forum is either Petitioners' own case in which they stipulated to liability based on Kraus or the Kraus decision itself. The attempt to challenge the IRS's collection action in a CDP hearing by alleging fraud on the court in the underlying liability suit is impermissible.

Parties seeking to overturn a judgment must bring such a motion "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Nevertheless, when litigants seek "to protect the fairness and integrity of litigation in the federal courts," courts may exercise discretion in entertaining such challenges even after the one year period. Rozier v. Ford Motor Co., 573 F.2d 1332, 1338–39 (5th Cir. 1978). Thus, while "[f]ederal courts . . . long ago established the general rule that they would not alter or set aside their judgments after the expiration of the term at which the judgments were finally entered[,] . . . under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944).

Parties seeking relief, "have done so by bills of review or bills in the nature of bills of review, or by original proceedings to enjoin enforcement of a judgment." Hazel-Atlas, 322 U.S. at 245. Federal Rule of Civil Procedure 60(b) "provides that a party to an action may by motion seek to vacate a judgment on the grounds of . . . fraud . . . . Relief from a final judgment may also be obtained at any time by way of an independent action to set aside a judgment for 'fraud upon the court.'" Gleason v. Jandrucko, 860 F.2d 556, 558 (2nd Cir. 1988); see also FED. R. CIV. P. 60(b). "[T]he proper forum in which to assert that a party has perpetrated a 'fraud on the court' is the court which allegedly was a victim

5

of that fraud." Chewning v. Ford Motor Co., 35 F. Supp. 2d 487, 491 (D.S.C. 1998); Universal Oil Prods. Co. v. Root Refining Co., 328 U.S. 575, 580–81 (1946); Weisman v. Charles E. Smith Mgmt., Inc., 829 F.2d 511, 514 (4th Cir. 1987). Thus, a motion to vacate or an equity action seeking to set aside a verdict may only be heard in the court whose judgment is being challenged. Chewning, 35 F. Supp. 2d at 491; see also Sennett v. Comm'r, 69 T.C. 694, 696–697 (1978) (granting summary judgment based on taxpayer's stipulation to be bound by the test case despite taxpayer's claim of fraud on the court because taxpayer made no motion to overturn that decision); Tashjian v. Comm'r, 93 T.C.M. 998, *5 (2007) (noting that raising the substance of a motion to vacate in a collateral review proceeding constitutes an impermissible collateral attack on the prior judgment).

Petitioners' reliance on Dixon is misplaced. In Dixon, the Ninth Circuit, sanctioned the IRS for entering into a secret agreement with certain taxpayers by instructing the tax court to enter judgment in favor of all taxpayers in the suit on terms equivalent to those of the secret agreement. Dixon, 316 F.3d at 1047–48. The tax court, on reconsideration, extended these terms to all other taxpayers challenging the tax-shelter, including those who had not participated in the underlying case. Hartman v. Comm'r, 95 T.C.M. 1448, *52 (2008). Significantly, the taxpayers in Dixon brought their fraud on the court challenge through motions in the underlying case or in one of the deficiency cases entered into by the taxpayers; none of the litigants sought relief through a fraud claim in an administrative hearing. Dixon did not create the right of collateral attack sought by Petitioners.

Petitioners further fail to show any inability to challenge either Kraus itself or their own deficiency stipulation. Thus, there is no concern that Petitioners will be left without a forum in which to bring their claim.

## IV. CONCLUSION

The judgment of the tax court is therefore AFFIRMED.