**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 14, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

ARTHUR MCKEE WISEHART,

    Plaintiff - Appellant,

v.

ARTHUR DODSON WISEHART;
WISEHART SPRINGS INN; CHARLES
WINSTON WISEHART,

    Defendants - Appellees.

No. 21-1148
(D.C. No. 1:18-CV-00021-MSK-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Mr. Arthur McKee Wisehart ("AMW") appeals pro se[1] from a district court order

striking as frivolous his motion to vacate the judgment entered against him and disqualify

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because AMW has indicated he is or was an attorney, the liberal construction we ordinarily afford pro se filings does not apply. _See Comm. on the Conduct of Att'ys v. Oliver_, 510 F.3d 1219, 1223 (10th Cir. 2007). In any event, the difference between a liberal or standard construction is of no consequence here, as our conclusions regarding AMW's arguments would be the same under either construction.

Defendants' counsel.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm and designate this appeal as frivolous.

## BACKGROUND

AMW and his wife, Ms. Joan Carol Lipin, have filed multiple lawsuits contesting ownership of four parcels of real property in Delta County, Colorado (the "Property"). Central to those lawsuits is a trust created by AMW's mother (the "Trust"), which designated AMW and his mother as co-trustees.  As determined throughout the course of the litigation:  (1) the Trust owned the Property; (2) after AMW's mother died, AMW's former wife and three of their children removed AMW as the sole trustee and appointed AMW and his son Mr. Arthur Dodson Wisehart as co-trustees; and (3) AMW's attempts to convey the Property to himself and/or Ms. Lipin were invalid.

The instant chapter of this litigation began in 2015, when AMW filed suit in federal district court in New Jersey, alleging that his sons Arthur Dodson Wisehart and Winston Wisehart and "their attorneys[ ] launched a conspiratorial racketeering enterprise based on fraudulent concealment and fraud and deceit to regain ownership of the Property for the Trust, which included two state-court suits to prevent AMW from conveying the Property and other Trust assets to himself."  *Wisehart v. Wisehart*, 850 F. App'x 649, 650 (10th Cir. 2021) ("*Wisehart I*") (citation and internal quotation marks omitted).  AMW's lawsuit was transferred to federal district court in Colorado, where the court entered summary judgment against AMW and rejected his attempts to disqualify

2

Defendants' Colorado attorney, Mark Apelman.[2]  This court affirmed the judgment because AMW failed to adequately brief both the disqualification issue and the summary judgment issue.  *See id.* at 652-53.

Soon after this court's affirmance, AMW filed a motion under Rules of Federal Civil Procedure 60(b)(3) and 60(d)(3) in the district court to vacate the judgment underlying *Wisehart I* and to disqualify attorney Apelman "as a testifying witness."  R. at 223.  AMW's motion is a rambling attempt to re-litigate multiple state and federal cases he and Ms. Lipin have filed or defended involving the Property, other real properties, and the Trust.  AMW contended that "attorney Apelman and [Ohio attorney Scott] Robinson perpetrated fraud on all targeted courts."  R. at 230.  The evidence of Apelman's alleged fraud was apparently a transcript of an attorney-fee hearing in an Ohio state court case,

---

[2] Meanwhile, Ms. Lipin sought control of the property by suing Arthur Dodson Wisehart and one of his sisters in federal district court in Colorado.  The district court entered summary judgment against Ms. Lipin, concluding that AMW had been removed as sole trustee and could not convey the property to himself or Ms. Lipin.  This court affirmed the summary judgment and designated Ms. Lipin's appeal as frivolous.  *See Lipin v. Wisehart*, 760 F. App'x 626, 635, 637 (10th Cir. 2019) ("*Lipin I*") (per curiam).  This court characterized Ms. Lipin's appellate arguments as "wholly without merit," noted she had "devote[d] a substantial portion of her . . . briefs to . . . unsupported, abusive, and irrelevant" arguments, and then "invite[d] Defendants to file a separate motion for sanctions against" Ms. Lipin.  *Id.*

Undeterred, Ms. Lipin filed another complaint involving the Property.  She again claimed to be the Property's true owner, added racketeering and fraud claims, and sought to disqualify attorney Apelman.  The district court applied res judicata and collateral estoppel, granted the defendants' motions to dismiss, and denied disqualification.  This court affirmed on the basis of issue preclusion, again invited the defendants to file a separate sanctions motion, and sua sponte imposed filing restrictions against Ms. Lipin.  *See Lipin v. Wisehart Springs Inn, Inc.*, 843 F. App'x 103, 106, 109 (10th Cir.) ("*Lipin II*"), *cert. denied*, 2021 WL 4507762 (U.S. Oct. 4, 2021).

where the judge said he had a conversation with Apelman, who provided "great help" in understanding "the Federal district [court] case in . . . Colorado." R. at 284-85. Based on that statement, AMW claimed the state court judge awarded Apelman $57,900 in attorney fees as "a *quid-pro-quo* pay back for the bribery of the [court]." R. at 235. The evidence of Robinson's alleged fraud appears to be his preparation of pleadings filed in 2015 and 2016 in Ohio and Colorado state courts setting up, according to AMW, "a fabricated legal defense to" AMW's claims against Arthur Dodson Wisehart. R. at 226; *see also* R. at 227, 229. As for attorney Apelman's disqualification, AMW stated only that "[t]he time is now ripe . . . for attorney Mark Apelman to appear as a testifying witness, and as such, he is required to be disqualified" by the Colorado Rules of Professional Conduct. R. at 235.[3]

In response to the motion, the district court entered on its docket a text-only order that read: "ORDER striking . . . Motion for Reconsideration [and] . . . Motion to Vacate . . . as frivolous." R. at 640.[4] AMW filed a notice of appeal, designating numerous

---

[3] Also, Ms. Lipin filed in the district court her own motion to vacate, seeking to overturn the judgment underlying *Lipin II* and to disqualify Apelman. Ms. Lipin's motion contains many of the same allegations as AMW's motion. The district court denied Ms. Lipin's motion in a text-only docket entry, and Ms. Lipin appealed. This court docketed the appeal as No. 21-1130 and noted that Ms. Lipin was pro se and subject to filing restrictions. This court ordered her to have an attorney appear on her behalf or face dismissal of the appeal, and when she failed to comply, her appeal was dismissed.

[4] The district court appears to have interpreted AMW's motion as asking the court to both vacate the judgment and reconsider disqualification. Given the lack of clarity in AMW's motion, we will review the district court's order based on its dual understanding of the motion.

matters, including the district court's grant of summary judgment, its order(s) denying Apelman's disqualification, and its "fail[ure] to address or to rule upon . . . plaintiff's multiple claims against the defendants for assisted suicide of Plaintiff's former wife." R. at 642. Defendants ask us to designate AMW's appeal as frivolous and to impose the same filing restrictions already in place against Ms. Lipin.

### DISCUSSION

We must begin by addressing the nature of AMW's briefing, which contains largely irrelevant, conclusory, incomprehensible, and abusive arguments. An appellate brief must include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Briefing like AMW's generally disentitles a litigant to appellate review. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (holding that pro se litigant's "conclusory allegations with no citations to the record or any legal authority for support," together with his disrespectful comments about the district judge's integrity, "disentitle[d] him to [appellate] review"). But even if we were to overlook the inadequacies of AMW's briefs, his "appeal present[s] no arguably meritorious issue for our consideration." *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1161 (10th Cir. 2007) (internal quotation marks omitted) (designating appeal as frivolous where it advanced unsupported arguments and an argument not raised in the district court).

AMW contends the district court erred in striking his Rule 60(b)(3) and Rule 60(d)(3) motion. We disagree. "District courts are afforded great discretion regarding control of the docket and parties." *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020)

5

(brackets and internal quotation marks omitted). Accordingly, a district court may sua sponte strike a frivolous motion under its inherent power to control its docket. *See id.* at 1100 (affirming district court order sua sponte striking motion to vacate that violated local rules). We generally review an order to strike for an abuse of discretion, *see id.*, but we apply de novo review when a "frivolousness determination" presents an issue of law, *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003) (considering a dismissal under 28 U.S.C. § 1915). Here, we review the frivolousness of AMW's Rule 60(b)(3) and Rule 60(d)(3) motion de novo.

Federal Rule of Civil Procedure 60(b)(3) allows a court to grant relief from a final judgment, order, or proceeding due to fraud "by an opposing party." A motion based on a court's inherent power to set aside a judgment "for fraud on the court" is an additional avenue of relief under Rule 60(d)(3). *See United States v. Buck*, 281 F.3d 1336, 1341-42 (10th Cir. 2002).

To prevail on a fraud-by-an-opposing-party theory, the moving party "must show clear and convincing proof of fraud" that "substantially . . . interfered with the . . . ability fully and fairly to prepare for and proceed at trial." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (emphasis and internal quotation marks omitted). The bar for proving fraud on the court under Rule 60(d)(3) is even higher. Fraud on the court involves "only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Id.* at 1291 (internal quotation marks omitted). A showing of fraud on the court must be made by clear and convincing evidence and include proof "that one has acted with an

6

intent to deceive or defraud the court." *Buck*, 281 F.3d at 1342 (internal quotation marks omitted).

On appeal, AMW expands the universe of alleged fraud to include the actions of other attorneys in the "GLOBAL 'Pop-Up' Ponzie scheme[s]" commenced by attorney Robinson, Aplt. Opening Br. at 1, 2, and then "transported and piggy-backed" by attorney Apelman "to beget all judgments procured by fraud" in the federal and state courts in Ohio and Colorado, *id.* at 5. Throughout his briefs, AMW points to adverse rulings as evidence of fraud and levels insults at Defendant Arthur Dodson Wisehart and the Ohio judge who awarded Apelman attorney fees. AMW offers no guidance as to whether any particular allegation of fraud constitutes fraud between the parties or fraud on the court. Indeed, he provides few, if any, discernable legal arguments addressed to whether the district court erred in striking his motion to vacate the judgment and disqualify Apelman. Rather, AMW attempts to relitigate issues already decided against him and Ms. Lipin in this and other cases. As for reconsideration of the disqualification issue, AMW provides only a conclusory assertion that Apelman should be disqualified from representing Defendants, presumably in future or ongoing cases.

There is no merit to AMW's appeal. First, AMW's allegations, to the extent they can be categorized as fraud on the court, stem from actions taken in Ohio or Colorado state courts. Those actions should have been contested in those courts, not in the federal district court of Colorado. *See MacArthur*, 495 F.3d at 1161 (observing that fraud-on-the-court claims must "be presented to the court in which the alleged fraud was perpetrated"); *accord Weisman v. Charles E. Smith Mgmt., Inc.*, 829 F.2d 511, 513 (4th

7

Cir. 1987) (stating that "the proper forum in which to assert that a party has perpetrated a 'fraud on the court' is the court which allegedly was a victim of that fraud").

Second, AMW cannot use this appeal to relitigate issues he has already lost. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978) (stating that "an appeal from [the] denial of Rule 60(b) relief does not bring up the underlying judgment for review"); *LaFleur v. Teen Help*, 342 F.3d 1145, 1153-54 (10th Cir. 2003) (stating that review of the District Court's "decision on the post-judgment motion does not include [challenges to] the underlying judgment or prejudgment orders").

Third, AMW has not shown that any rulings on issues favorable to Defendants were the result of either variety of fraud, rather than the issues' merits. *See Zurich N. Am.*, 426 F.3d at 1290 (requiring clear and convincing proof of fraud between the parties); *Buck*, 281 F.3d at 1342 (requiring clear and convincing proof of fraud on the court, including an intent to deceive or defraud the court).

Finally, as for the disqualification of attorney Apelman, a party may not seek reconsideration to "reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is available only for "an intervening change in the controlling law," "new evidence previously unavailable," and "the need to correct clear error or prevent manifest injustice." *Id.* AMW advances mere conclusory assertions and does not meet this standard.

8

We conclude that the district court did not err in striking AMW's motion as frivolous.

## II.  Sanctions

Defendants request that AMW's appeal be designated as frivolous under Fed. R. App. P. 38, which authorizes this court, upon a separately filed motion, to award damages and costs against an appellant who brings a frivolous appeal.  Under Fed. R. App. P. 38, we may award "just damages and single or double costs to the appellee" if we determine that an appeal is frivolous.  "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit."  *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1983) (internal quotation marks omitted).  "Other indicia of a frivolous appeal include rambling briefs, citation to irrelevant authority, and continued attempts to relitigate matters already concluded."  *Lipin v. Wisehart Springs Inn, Inc.*, 843 F. App'x 103, 109 (10th Cir. 2021) ("*Lipin II*") (citing *Braley*, 832 F.2d at 1513).  For the reasons discussed above, we determine that AMW's appeal is frivolous.  But before we can impose sanctions for a frivolous appeal, a person who may be subject to sanctions must receive notice that sanctions are being considered and be given an opportunity to respond.  *See id.*; *Braley*, 832 F.2d at 1514-15.

Defendants have not sought sanctions in a separately-filed motion; therefore, under Fed. R. App. 38, we order that Defendants shall file a motion describing in detail the sanctions sought and the underlying reasons within fifteen days of the filing date of this Order and Judgment.  AMW shall have fifteen days from the last-filed submission by Defendants to show cause why he should not be sanctioned.

The parties' submissions on this subject will guide our determination regarding the imposition and size of an appropriate monetary sanction. All parties shall limit their submissions to fifteen pages—even if Defendants file separate motions and AMW elects to file a unitary response, AMW's response must not exceed fifteen pages. The parties need not provide hard copies of their filings.

### III. Filing Restrictions

Defendants seek the imposition of filing restrictions mirroring those imposed on Ms. Lipin, *see Lipin II*, 843 F. App'x at 110-11. They argue that AMW is working in tandem with Ms. Lipin to repeatedly relitigate the same issues and engage in harassment. Although "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances," *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010), we decline to do so in this appeal. AMW's prior appeal in *Wisehart I* was not designated as frivolous—despite AMW's inadequate briefing—and we decline (for now) to count Ms. Lipin's frivolous appeals against AMW. We will not hesitate, however, to impose filing restrictions against AMW should his own history of "lengthy and abusive" litigation practices become apparent to this court. *See id.* (internal quotation marks omitted).

### CONCLUSION

We affirm the district court's order striking as frivolous AMW's motion to vacate and to disqualify attorney Apelman. We designate this appeal as frivolous, and we invite Defendants to move for an award of sanctions against AMW. AMW shall respond by the designated deadline. Further, we deny AMW's motion to supplement the record on

appeal, as it fails to designate a non-frivolous issue that would benefit from expansion of the appellate record.  We also deny AMW's motion to change the caption.  Finally, we deny Defendants' emergency motion to show cause related to the imposition of filing restrictions against AMW.

Entered for the Court

Veronica S. Rossman
Circuit Judge