United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60911
_____

ESTATE OF ALGERINE ALLEN SMITH, Deceased,
JAMES ALLEN SMITH, Executor

                                        Petitioner-Appellee,

                    versus

COMMISSIONER OF INTERNAL REVENUE,

                                        Respondent-Appellant.

--------------------

Appeal from the Decision
of the United States Tax Court

--------------------

Before DAVIS, JONES, and GARZA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

    The Commissioner of the Internal Revenue Service appeals the
Tax Court's order granting the Estate of Algerine Allen Smith's
Rule 260 Motion.  In granting that motion, the Tax Court
concluded that the parties' Rule 155 calculation and stipulation
of overpayment of estate tax included the IRS's claim for
additional unpaid interest which precluded the Commissioner from
offsetting the unpaid interest against the overpayment due to the
Estate.  Based on our conclusion that the Tax Court was without
jurisdiction to review the offset, we vacate its judgment.

I.

The decedent, Algerine Allen Smith, died on November 16, 1990.  The Estate filed its initial tax return on July 12, 1991, and included a payment of $60,164 to satisfy the tax due reported on the return.  In 1994, the Commissioner issued a notice of deficiency of $663,785, and an accuracy-related penalty of $132,785.  The Estate filed a petition in Tax Court seeking redetermination of the deficiency.  In February 1998, the Tax Court held that there was a deficiency in estate taxes in the amount of $564,429, but no accuracy-related penalty.

The Estate then remitted a payment of $646,325 in March 1998 to cover the Commissioner's estimate of tax and interest due.  In May 1998, the Commissioner assessed the $564,429 estate tax deficiency, plus underpayment interest of $410,848.[1]  The Commissioner applied $501,377 of the Estate's March 1998 payment and an income tax overpayment credit of $63,052 from the Estate's 1992 return to satisfy the estate tax deficiency.[2]  The balance

_____

[1]  "Underpayment interest" is interest the IRS charges taxpayers who fail to pay the correct amount of tax on the date due.  It accrues from the due date of the return until the date paid.

[2]  The $501,377 applied to the tax deficiency was the balance due on the $564,429 deficiency after applying the overpayment credit of $63,052.
The Estate makes arguments that seem to suggest that the interest liability disputed in this case arose merely as a result of the Commissioner's bookkeeping allocations of payments between tax and interest.  These arguments are without merit as a different allocation simply changes the balance of over and underpayments between interest and tax, but not the net amount

of the March 1998 payment, $144,947 ($646,325 less $501,377), was applied to the assessed interest.

Litigation continued throughout this period.  In December 1999, this court reversed the Tax Court's judgment and remanded for further proceedings.  Estate of Smith v. Commissioner, 198 F.3d 515 (5th Cir. 1999).  In November 2001, the Tax Court issued its opinion on remand.  Estate of Smith v. Commissioner, 82 T.C.M. (CCH) 909 (2001).  In January 2002, after the remand, the parties entered a stipulated computation under Tax Court Rule 155.[3]

_____

due to the Estate.

[3] Rule 155 reads, in relevant part,

(a) Agreed Computations.  Where the Court has filed or stated its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency, liability, or overpayment to be entered as the decision.  If the parties are in agreement as to the amount of the deficiency or overpayment to be entered as the decision pursuant to the findings and conclusions of the Court, then they, or either of them, shall file promptly with the Court an original and two copies of a computation showing the amount of the deficiency, liability, or overpayment and that there is no disagreement that the figures shown are in accordance with the findings and conclusions of the Court.  In the case of an overpayment, the computation shall also include the amount and date of each payment made by the petitioner. The Court will then enter its decision.

T.C.R. 155(a).

3

The Respondent's Computation for Entry of Decision, which documents the parties' stipulation under Rule 155, presents the parties' agreement that the attached computation is in accordance with the opinion of the Tax Court, but without prejudice to the Commissioner to contest the correctness of that decision. Pursuant to the agreement, the Commissioner and the Estate agreed to an estate tax liability of $385,747 and an overpayment of $238,847. The attached computation consists of seven pages starting with a summary Computation Statement on Remand, reflecting the agreed tax liability and overpayment, with a statement that the details of the computation are set forth on the attached pages 2 through 7. Pages two and three detail the recomputed estate tax and adjustments. Pages four, five and six are computations leading to the determination of the "Total Federal Interest Deduction" of $209,943. This is the agreed amount of underpayment interest due by the Estate that was allowed to be deducted in the computation of the stipulated estate tax liability. Form 3623, Statement of Account, on page seven, presents a summary of tax assessments and payments resulting in the computed overpayment of $238,847. Although the parties agreed on the amount of Total Federal Interest Deduction of $209,943 on page six of the computation, the interest assessment was not adjusted and the interest column on Form 3623 Statement of Account contains only the original assessment and March 1998 payment "For Information Only."

4

A summary of the tax overpayment computation is set forth below:

| | | |
|---|---|---|
| Agreed Estate Tax Liability | | $385,747 |
| Payments: | | |
| With original return | $60,164 | |
| 1992 Income Tax Overpayment Applied | $63,052 | |
| March 1998 Payment | $501,378 | |
| Total Payments | | $624,594 |
| Overpayment of Estate Tax | | $238,847 |

In accordance with this computation, on January 24, 2002, the Tax Court entered its judgment that the Estate had an "overpayment in estate tax" of $238,847. The Estate appealed to this court, which affirmed. Estate of Smith v. Commissioner, 54 Fed. Appx. 413 (5th Cir. 2002).

In May 2002, the Commissioner entered adjustments to its own accounts to reflect the Tax Court's judgment. It made a tax abatement of $238,847 to the Estate's account so the account properly reflected the agreed overpayment of tax. The Commissioner also abated $180,564 in underpayment interest on the Estate's account. As a result, the Estate's account reflected a balance of $85,336 of assessed, but unpaid interest.

The same month the Commissioner refunded $153,510 to the Estate, crediting the difference between the refund and the overpayment of $85,336 against the assessed but unpaid underpayment interest owed by the Estate. Later in May 2002, the

5

Commissioner discovered a timing error in applying the 1992 income tax overpayment to the estate tax liability which resulted in an error in the calculation of interest to the Estate.  To correct the error, the Commissioner abated and refunded $20,341 of the underpayment interest.  The net result was that the Estate received $173,851 of the $238,847 overpayment.  The difference, $64,996 represents the balance of interest that was allowed to be deducted by the Estate in determining the final agreed estate tax liability and overpayment, but had not been paid as summarized below.

| | | |
|---|---|---|
| May 1998 Interest Assessment | | $410,848 |
| Less Abatements: | | |
| May 2002 | $180,564 | |
| May 2002 | $20,341 | |
| Total Abatements | | ($200,905) |
| Corrected Interest Assessment | | $209,943 |
| Less March 1998 Payment | | ($144,947) |
| Assessed but Unpaid Federal Interest | | $64,996 |
| Overpayment of Estate Tax | | $238,847 |
| Less unpaid Federal Interest | | (64,996) |
| Net Refund to the Estate ($153,510 + 20,341) | | $173,851 |

The Estate filed a Motion for Proceeding to Enforce Overpayment Decision under IRC 6512(b)(1) and Tax Court rule 260, seeking an additional $85,336 plus interest, from the Commissioner.  The Commissioner opposed the motion.  In July

2004, the Tax Court granted the motion and ordered the Commissioner to refund the full amount of the taxpayer's overpayment plus interest, less any amounts that had previously been refunded.  The full Tax Court participated in the decision, with thirteen holding in favor of the Estate and five dissenting. Estate of Smith v. Commissioner, 123 T.C. 15 (2004).

The majority opinion begins with a holding that an "overpayment" of tax includes any underpayment interest due thereon.  The majority opinion rested on the premise that the overpayment determination in the stipulation and judgment included interest due, and absent evidence of fraud on the court or a clerical error discovered after the decision had become final, this decision could not be altered.  Because neither of these exceptions was present here, the Tax Court held that it could not alter the judgment and the litigation had come to an end (even if it resulted in a windfall for the Estate).  Judge Laro's concurring opinion contended that the Tax Court was not powerless to change a final decision, but that any claim for additional relief must meet the requirements of Fed.R.Civ.P. 60(b).[4]

Judge Goeke's dissent took issue with the majority's interpretation of Tax Court Rule 155 and the Tax Court's

_____

[4] Judge Thornton also wrote a concurring opinion in which he noted that the decision should not be construed as resolving this issue with respect to unassessed underpayment interest.

7

jurisdiction. This dissent agreed with the Commissioner that the Rule 155 computation did not take the past interest into account, and thus construed the stipulation as silent on the question of interest. Additionally, Judge Goeke contended that the Tax Court lacked jurisdiction to consider the Estate's challenge to the Commissioner's crediting of the unpaid interest against the agreed overpayment of tax.[5]

Following the Tax Court's opinion, the Commissioner, acting on the cue offered by Judge Laro's concurrence, filed a motion for leave to file a motion to vacate the January 24, 2002 decision under Fed.R.Civ.P. 60(b)(6). The Tax Court denied this motion. The Commissioner now appeals to this court.[6]

## II.

We must first consider the Commissioner's argument that the Tax Court was without jurisdiction to review the Commissioner's offset of unpaid interest against the previously determined

---

[5] Judge Holmes' dissent agreed with the majority that the Tax Court had jurisdiction but disagreed with the result. Judge Holmes opined that the Estate was improperly trying to avoid the consequences of its acquiescence in the Rule 155 calculation which did not resolve the question of interest and thus placed no limitation on the Commissioner's ability to apply the overpayment to unpaid interest of the Estate.

[6] The Tax Court's decision on the merits was appealed in Case No. 04-60911. The Tax Court's decision on the Commissioner's Rule 60 Motion was appealed separately in Case No. 04-61176. The cases were consolidated for purposes of this appeal.

overpayment of tax.  Jurisdictional questions are questions of law which are reviewed *de novo*.  Treaty Pines Invs. P'ship v. Commissioner, 967 F.2d 206, 210 (5th Cir. 1992).

The Tax Court is an Article I court of limited jurisdiction. See 26 U.S.C. (I.R.C.) § 7442 ("The Tax Court . . . shall have such jurisdiction that is conferred on. . . [it] by this title. . . ").  The Tax Court may exercise jurisdiction only to the extent that jurisdiction has been conferred upon it by Congress. Commissioner v. McCoy, 484 U.S. 3, 7 (1987).

To determine whether the Tax Court had jurisdiction in this situation it is helpful to review the bases of the Tax Court's jurisdiction throughout this case.  The Tax Court originally acquired jurisdiction over this case when the Estate appealed the notice of deficiency asserted by the Commissioner.  26 U.S.C. §§ 6211, 6213; Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 4102.  When the Tax Court found that there was a deficiency but that the taxpayer had made an overpayment of tax, the Tax Court had jurisdiction to determine the amount of the overpayment.  26 U.S.C. § 6512(b).  The Tax Court did so when it approved and entered judgment on the Rule 155 stipulation of the parties that the overpayment of tax in this case was $238,847.   When that judgment of the Tax Court became final, the Commissioner was required to credit or refund that amount to the Estate.  26 U.S.C. § 6512(b)(1).

9

The Commissioner argues that it complied with the judgment by crediting a portion of the overpayment towards the assessed unpaid interest expense and refunding the remainder. The Commissioner argues that this practice is specifically allowed under Section 6402(a). This section allows the Commissioner to credit the amount of an overpayment against "any liability in respect of an internal revenue tax" and to refund only the balance remaining, if any, after such crediting. 26 U.S.C. § 6402(a). If the Commissioner is correct, the Tax Court has no jurisdiction to review that offset under 26 U.S.C. § 6512(b)(4), which provides that "The Tax Court shall have no jurisdiction under this subsection to restrain or review any credit or reduction made by the Secretary under section 6402." 26 U.S.C. § 6512(b)(4); *see also* <u>Savage v. Commissioner,</u> 112 T.C. 46 (1999) (holding that, after the Commissioner has offset an overpayment against some other tax liability, §6512(b)(4) is a jurisdictional bar to the Tax Court's reviewing the merits of the Commissioner's assessment of that liability.)

The Tax Court held that overpayment judgments necessarily include both interest and tax due by the Estate. In its view, the Commissioner had no right to offset interest already taken into account and incorporated in its judgment because the offset had the effect of decreasing the refund due the Estate under the Tax Court judgment. Accordingly, it held that it had

10

jurisdiction to hear and adjudicate the Estate's motion under

I.R.C. § 6512(b)(2). That section reads, in pertinent part,

> (2) Jurisdiction to enforce. -- If, after 120 days
> after a decision of the Tax Court has become final, the
> Secretary has failed to refund the overpayment
> determined by the Tax Court, together with the interest
> thereon as provided in subchapter B of chapter 67, then
> the Tax Court, upon motion by the taxpayer, shall have
> jurisdiction to order the refund of such overpayment
> and interest.

The Commissioner's and the Tax Court's differing views on

jurisdiction are a product of their differing views regarding

whether an overpayment judgment covers only overpayment of the

estate tax or whether it resolves a taxpayer's total overpayment

of both tax and underpayment interest. Based on our review of

the above provisions and other provisions relating to the Tax

Court's jurisdiction, we conclude that the Tax Court erred in

holding that an overpayment of tax always includes any

underpayment interest due thereon.

As pointed out by Judge Goeke's dissent, the statutory

scheme related to review of taxpayer overpayments "is intended to

permit the offset of overpayments with interest liabilities even

arising in the same statutory year." Any issues related to

overpayment or underpayment of interest can be raised in a

subsequent proceeding. Section 7481 of the Internal Revenue Code

allows the Tax Court to determine any interest overpayment or

underpayment after the Tax Court has determined that there is an

overpayment of tax pursuant to section 6512(b). 26 U.S.C. §

11

7481(c)(1) and(2)(B). If the Tax Court determines that there has been an overpayment of interest or the Commissioner has made an underpayment of interest, "that determination shall be treated under section 6512(b)(1) as a determination of an overpayment of tax" which order is then reviewable in the same manner as a decision of the Tax Court. 26 U.S.C. § 7481(c)(3). As stated by Judge Goeke,

> Section 7481(c)(2)(B) would be unnecessary if the adopted opinion were correct, and the reference to the term "overpayment of tax" in section 7481(c)(3) is inconsistent with the whole rationale of the report and points out the inherent ambiguity in the term "overpayment." It is telling that Congress did not simply say "overpayment." In adding interest disputes to this Court's jurisdiction, Congress deemed it necessary to include section 6512(b) determinations and to provide that our interest determinations would be reviewable similar to our "overpayment of tax" determinations. This congressional action would have been unnecessary if overpayment decisions included interest liability.

123 T.C. 15, 31 (2004). In other words, the statutes specifically contemplate that the Tax Court can make a final determination of a tax overpayment without incorporating a final determination of interest due, because procedures are in place to consider, sequentially if necessary, any overpayment or underpayment of interest related to the original tax deficiency under section 7481.

The above outlined statutes indicate that the Tax Court erred in its initial holding in this case that an overpayment determination necessarily decides any underpayment interest due

thereon.  It is true however that the Tax Court can determine overpayment interest as part of its jurisdiction to determine an overpayment of tax, at least in some circumstances.  In Estate of Baumgardner v. Commissioner, 85 T.C. 445 (1985), the Tax Court held that, at least when interest has been assessed and paid, it has jurisdiction to determine an overpayment of interest as part of its jurisdiction to determine an overpayment of tax on which the interest was paid.  If that had occurred in this case, the Tax Court's view of its jurisdiction under 26 U.S.C. § 6512(b)(2) would be correct.  If interest was already incorporated into the judgment and the Commissioner offset the interest liability against the refund, the Estate would have received less than the overpayment due to it under the court's judgment.  In that circumstance, the Commission would have "failed to refund the overpayment determined by the Tax Court" and the court would have jurisdiction "to order the refund of such overpayment and interest."  26 U.S.C. § 6512(b)(2).[7]

Based on our review of the record however, it is clear that the overpayment decision in this case did not decide the question of underpayment interest.  Although the parties were in possession of information that would have allowed the interest

---

[7]We also note that in that circumstance, §6512(b)(4) would not remove the Tax Court's jurisdiction.  The Tax Court held §6512(b)(4) inapplicable "where [that court's] final decision in the same case precludes the existence of tax liabilities to which the Commissioner attempts to apply the overpayment." Our opinion does not conflict with that holding.

underpayment to be decided, i.e., the interest expense deduction allowed and interest payments made, the issue was not in fact incorporated in the stipulation and judgment. The interest computations in the stipulation were clearly marked "For Information Only" and did not reflect the final interest deduction allowed. Also, as set forth above, the overpayment computation incorporated into the stipulation and judgment dealt only with tax assessments, abatements and payments allocated to the tax liability, not interest.

In this case, where the record reflects that the Estate's liability for underpayment interest was not decided in determining the taxpayer's overpayment, we conclude that the Tax Court exceeded its jurisdiction under §6512(b)(2) by ordering the Commissioner to refund the full amount of the overpayment. The Commissioner properly exercised his authority under §6402 to offset the unpaid interest against the overpayment of tax. Because the Tax Court had not decided the Estate's liability for underpayment interest in its overpayment determination, its jurisdiction to enforce that determination did not include ordering the Commissioner not to offset the refund against that liability. Similarly, in this situation, the Tax Court's actions constitute a review of the Commissioner's offset, which the Tax Court specifically lacks jurisdiction to do under §6512(b)(4).

IV.

14

For the foregoing reasons, the judgment of the Tax Court is VACATED.