United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2007

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-60311
Summary Calendar

_____

THOMAS DRENNAN SELGAS,

Petitioner-Appellant,

VERSUS

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from a Decision of the United States Tax Court
m 23425-04

_____

Before SMITH, WIENER, and OWEN,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Thomas Selgas received a notice of deficiency from the Internal Revenue Service ("IRS") and petitioned for redetermination of his tax liability. The United States Tax Court entered judgment against Selgas, and he appeals. We affirm.

I.

On July 19, 2004, the Commissioner of Internal Revenue ("the Commissioner") sent Selgas a letter stating that the IRS had not received a tax return from him for 2002. The Commissioner attached a form providing a proposed computation of Selgas's liability based on third-party payer information reflecting wages of $104,278, interest income of $50, and dividend income of $11. The form stated that Selgas was entitled to a standard deduction of $4,700 and a personal exemption

of $3,000. The form included a computation showing that Selgas's tax deficiency was $23,303, against which he was entitled to prepayment withholding credits of $21,329, leaving a net tax liability of $1,974. The form noted that in addition, Selgas owed $592.20 pursuant to 26 U.S.C. § 6651(a)(1) and (2) because he was late in filing his return and in paying the full amount due.

The Commissioner's letter informed Selgas that he could agree to the IRS's proposed examination changes and pay the amount due, respond within thirty days by filing a return, or explain why he had not filed a return and would like the IRS to reconsider. Attached to the letter was yet another form, which informed Selgas, "Your best course of action is to file your own tax return now to claim your credits and deductions as allowed by law."

Selgas made no response.[1] On September 14, 2004, the Commissioner sent him a "Notice of Deficiency" pursuant to 26 U.S.C. § 6212 reflecting a 2002 federal income tax deficiency of $23,303 and a delinquency penalty of $592.20. Attached to the notice were several forms reflecting the same computation and explanation as had appeared in the Commissioner's initial letter as well as a certification by an IRS Operations Manager that the documents attached to the notice of deficiency constituted the return prepared for Selgas by the Commissioner pursuant to 26 U.S.C. § 6020(b). The certification further stated that

---

[1] Selgas later claimed that he had filed two unsigned tax returns during this period. The IRS did not receive them, and the Tax Court did not find Selgas's testimony on this matter credible. For reasons explained below, even if these returns were filed, they were invalid because they lacked the taxpayer's signature.

the return was to be treated as filed by the taxpayer for the purpose of determining the amount of the delinquency penalty. *See* 26 U.S.C. § 6651(a)(2)-(3), (g)(2).

Selgas timely filed a petition in the Tax Court attacking the Commissioner's calculations of the existence and amount of his deficiency on numerous grounds, all of which were rejected by the Tax Court. He timely filed a motion to vacate the judgment, which the Tax Court likewise rejected. Selgas asserts three arguments on appeal: (1) that the Tax Court lacked jurisdiction because the notice of deficiency was not promulgated pursuant to a valid delegation of authority; (2) that the decision should be vacated because Selgas was prejudiced by the clerk's failure to transcribe certain routine scheduling conferences involving the parties and the court; and (3) that the Commissioner's calculation was incorrect because Selgas filed documents illustrating that he was entitled to a refund.

## II.

Whether the Tax Court had jurisdiction pursuant to a validly issued notice of deficiency is a matter of law that we review *de novo*. *See Portillo v. Comm'r*, 932 F.2d 1128, 1131-32 (5th Cir. 1991). The notice of deficiency sent to Selgas was valid, and the Tax Court appropriately exercised jurisdiction. The Tax Court acquires jurisdiction when a taxpayer files a timely petition contesting a notice of deficiency issued by the Commissioner. *See* 26 U.S.C. § 6213; *Portillo*, 932 F.2d at 1132.

Selgas claims that the court lacked jurisdiction because the notice sent to him was invalid for two reasons: (1) The employee who signed the deficiency notice lacked authority to do so; and (2) the IRS improperly failed to prepare a substitute tax return for Selgas be-

fore issuing the notice of deficiency. Selgas's arguments in this vein are irrelevant to the outcome. Citing a delegation order issued as part of the IRS's internal operating procedures, Selgas contends that the Supervisory Program Analyst who signed his deficiency notice lacked authority to act on behalf of the Secretary of the Treasury by issuing the deficiency. The Commissioner states that "Supervisory Program Analyst" is equivalent to Campus Department Manager, an official who plainly enjoys delegated authority to issue deficiency notices.

As a general matter, IRS internal operating procedures confer no rights on individual taxpayers,[2] but we need not consider this dispute at great length because, in any event, no signature is required to render a deficiency notice valid.[3] A taxpayer is entitled to notice of a deficiency, but the relevant statute does not mandate any particular form of notice or specify any content it must include. *See* 26 U.S.C. § 6212. Like our sister circuits, we conclude that a notice of deficiency is valid as long as it informs a taxpayer that the IRS has determined that a deficiency exists and specifies the amount of the deficiency.[4] The existence of a signature or the identity of any IRS official who provides one, is superfluous.

Likewise, Selgas's argument that the notice of deficiency was invalid because the IRS failed to prepare a proper substitute tax return is meritless. We need not consider whether the substitute return was properly calculated and presented on the appropriate forms because, for the purpose of determining a deficiency, there is no need for the Commissioner to prepare a substitute tax return.[5] "Where there has been no tax return filed the deficiency is the amount of tax due."[6] Nothing about the notice of deficiency sent to Selgas operated to defeat the Tax Court's jurisdiction.

III.

Selgas was not prejudiced by the clerk's failure to record two off-the-record status conferences. Selgas was afforded a fair trial on the merits of the issues he claims were discussed at the status conferences. He was not prejudiced by the clerk's failure to record the Tax Court's "admission," during a status conference, that the IRS possessed two unsigned tax returns entitling Selgas to relief, even assuming that the Tax Court ever made such a statement. In any event, for reasons explained below, the fact that the tax returns were unsigned strips them of any legal effect and renders irrelevant the question whether the IRS ever had them.

IV.

Selgas's claim that the notice of deficiency is inaccurate because he filed two unsigned tax returns illustrating that he was entitled to a re-

---

[2] *See Smith v. United States*, 478 F.2d 398, 400 (5th Cir. 1973); *see also Tavano v. Comm'r*, 986 F.2d 1389, 1390 (11th Cir. 1993).

[3] *See Brafman v. United States*, 384 F.2d 863, 865 n.4 (5th Cir. 1967). *See also Tavano*, 986 F.2d at 1390; *Urban v. Comm'r*, 964 F.2d 888, 889 (1992).

[4] *See Bokum v. Comm'r*, 992 F.2d 1136, 1139 (11th Cir. 1993); *Estate of Yaeger v. Comm'r*, 889 F.2d 29, 35 (2d Cir. 1990).

[5] *See* 26 U.S.C. §§ 6020(b), 6211(a); *United States v. Stafford*, 983 F.2d 25, 27 (5th Cir. 1993) ("[A]lthough [§ 6020(b)] authorizes the Secretary to file for a taxpayer, the statute does not require such a filing.").

[6] *Laing v. United States*, 423 U.S. 161, 174 (1976). *See also* 26 C.F.R. § 301.6211-1(a).

3

fund in 2002 is neither credible nor relevant. Selgas first produced these returns at the calendar call for trial of his case in the Tax Court, claiming that he had filed them before the IRS sent him the deficiency notice. The IRS had no record of ever receiving these returns. The trial judge specifically found Selgas's testimony to be incredible on this point and determined that the returns had never been filed. Selgas provides no reason for us to upset that plausible factual determination. Likewise, the Tax Court properly ignored the "corrected amended" return that Selgas filed just before trial, because he supplied no evidence substantiating the deductions and other items on the return that purported to show that he was entitled to a substantial refund.

Even if the returns were filed, the fact that they were unsigned deprives them of legal effect.[7] Selgas claims that he provided power of attorney to the IRS employee who received the return, but, again assuming that this is true, there is no reason to believe that the employee was required to, or even should have, exercised such power and signed the return. That duty lay upon Selgas and, at best, he failed to fulfill it.

V.

Selgas's arguments are utterly lacking in merit and, as an aside, his conduct in this litigation appears to have been inconsistent with that of a litigant endeavoring to aid in the truthful and efficient resolution of contested issues of fact and law. We have no sympathy for Selgas's behavior or his arguments in defense of what appears to have been a brazen attempt to avoid a few thousand dollars in legitimate tax liability. The judgment of the Tax Court is AFFIRMED.

---

[7] *See* 26 U.S.C. §§ 6012, 6061(a), 6065; 26 C.F.R. § 1.6061-1(a); *Brafman*, 384 F.2d at 868; *Reaves v. Comm'r*, 295 F.2d 336, 338 (5th Cir. 1961).