**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-1742 & 15-1743
_____

VAN KEITH EDWARDS,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(T.C. Nos. 13-26055 & 13-29415)
Tax Court Judge:  Honorable David Gustafson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2015

Before:  GREENAWAY, JR., SCIRICA and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 6, 2015)
_____

OPINION[*]
_____

PER CURIAM

        In this consolidated appeal, appellant Van Keith Edwards appeals pro so from the

Tax Court's dismissal of two petitions for lack of prosecution.  For the reasons that

follow, we will affirm the Tax Court's judgment.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent

## I.

Because we write primarily for the benefit of the parties, we provide only a brief summary of those facts which are necessary to our resolution of this appeal.

Edwards did not file timely federal income tax returns for tax years 2009 or 2010. On February 18, 2013, the Internal Revenue Service ("IRS") prepared a substitute for return ("SFR") for 2009, pursuant to I.R.C. § 6020(b), based on information regarding Edwards's income received from third-party payors. On June 3, 2013, the SFR documents were mailed to Edwards. These included a Form 4549 (Income Tax Examination Changes), a Form 886-A (Explanation of Items), and a signed Form 13496 (Certification). On June 11, 2013, Edwards sent a letter to the IRS disagreeing with the income reported in the SFR, to which he attached a 2009 Form W-2 wage statement. In response, the IRS agreed that it had incorrectly double-counted Edwards's wages and withholdings from one employer, made corresponding corrections to the SFR, and sent Edwards revised Forms 4549 and 886-A on August 2, 2013. The August 2 letter advised Edwards that, if he disagreed with IRS's findings, he should send an explanation and supporting documentation to the IRS's Memphis, Tennessee office no later than August 17, 2013. The letter warned Edwards that, if he owed additional tax and did not respond, the IRS would send him a notice of deficiency disallowing the questioned items and proposing an increase to his tax liability. On August 28, Edwards mailed a 2009 Form 1040 tax return to the IRS's Kansas City, Missouri office. The IRS did not accept or file the late return. On September 15 or 16, 2013, the IRS issued Edwards a notice of

deficiency for 2009 based on its revised SFR, determining that Edwards had a tax deficiency of $19,599, plus penalties for his failure to file returns, to pay estimated taxes, and to pay the tax for that year.

Edwards filed a timely petition for redetermination of liability in the Tax Court. See T.C. No. 13-29415. Several months later, he moved to dismiss the petition pursuant to Tax Court Rule 53, or in alternative, for summary judgment, on the grounds that the Tax Court lacked jurisdiction over the petition. In short, Edwards asserted that the notice of deficiency was invalid because it was based on an invalid SFR. The Tax Court rejected Edwards's arguments regarding the invalidity of the SFR and the notice, noted that disputed issues of fact remained regarding his 2009 tax liability, and denied Edwards's motion.

For the 2010 tax year, the IRS prepared an SFR and issued a notice of deficiency on August 5, 2013, determining a tax deficiency of $23,068, plus penalties.[1] Edwards filed a timely petition for redetermination in the Tax Court. See T.C. No. 13-26055.

Edwards does not appear to dispute the income or withholding amounts reported on the substitute returns for 2009 and 2010. Rather, he contends that he is entitled to

[1] The record does not reflect whether Edwards ever received or responded to the 2010 SFR before the notice of deficiency was issued. Edwards alleges that he filed his 2010 Form 1040 on or about August 31, 2013, but the parties dispute whether the IRS ever received the return. Edwards has not claimed that the 2010 SFR was procedurally deficient, and did not move to dismiss his Tax Court petition for that year.

3

additional deductions and adjustments for those tax years, and should not have been penalized for his late filing and failure to pay.

On July 14, 2014, the Tax Court scheduled both cases for trial beginning on December 15, 2014. The notice setting the case for trial directed the parties to exchange documents and file pretrial memoranda by December 1, and to file stipulated facts by December 15. Both the notice and the Tax Court's standing pretrial order directed the parties to contact each other promptly, and warned that failure to cooperate with each other, to comply with the Court's orders, or to appear at trial might result in dismissal of the case and entry of decision against the non-compliant party. The Commissioner submitted pretrial memoranda to the Tax Court on November 28, 2014. Edwards did not. On December 5, 2014, the Tax Court granted the Commissioner's motions to consolidate the cases for trial, briefing, and opinion. It also issued an order reminding Edwards of the upcoming trial date and its associated deadlines and obligations, noting that the Court had been unable to reach him by telephone for several days, and directing Edwards to call the Court to schedule a pretrial conference. Edwards did not call, and did not appear for trial on December 15. The Commissioner moved to dismiss the petitions for failure to prosecute, and the Tax Court directed Edwards to file a response by January 5, 2015. On January 14, 2015, having received no response from Edwards, the Tax Court dismissed both petitions for lack of prosecution and affirmed the tax deficiencies and penalties set forth in the notices of deficiency. These appeals followed.

4

**II.**

We have jurisdiction over this appeal pursuant to 26 U.S.C. § 7482(a)(1). We review the Tax Court's legal conclusions de novo, and its factual findings for clear error. Anderson v. Comm'r, 698 F.3d 160, 164 (3d Cir. 2012). We review the dismissal for failure to prosecute under an abuse of discretion standard. Sauers v. Comm'r, 771 F.2d 64, 66 (3d Cir. 1985).

We agree with the Tax Court's determination that it had jurisdiction over Edwards's petitions. The Tax Court acquires jurisdiction when a taxpayer files a timely petition from a validly issued notice of deficiency. See Robinson v. United States, 920 F.2d 1157, 1158 (3d Cir. 1990); I.R.C. § 6213. The notice must be properly mailed, and is valid "as long as it informs a taxpayer that the IRS has determined that a deficiency exists and specifies the amount of the deficiency." Selgas v. Comm'r, 475 F.3d 697, 700 (5th Cir. 2007).

Edwards argues that the 2009 notice was invalid because it was based on an "invalid" SFR. Even assuming that the 2009 SFR did not meet all the procedural requirements of § 6020, his argument is unavailing. Courts have held repeatedly that the deficiency procedures set forth in §§ 6211-13 of the Internal Revenue Code do not require the IRS to prepare a substitute return under § 6020 before determining and issuing a notice of deficiency. See Selgas, 475 F.3d at 700; United States v. Stafford, 983 F.2d 25, 27 (5th Cir. 1993); Geiselman v. United States, 961 F.2d 1, 5 (1st Cir. 1992); Schiff

5

v. United States, 919 F.2d 830, 832 (2d Cir. 1990); Roat v. Comm'r, 847 F.2d 1379, 1381-82 (9th Cir. 1988).

Edwards also asserts that the deficiency notices were invalid because he eventually filed Form 1040 tax returns for 2009 and 2010.  He appears to argue that—at least with regard to the 2009 return, which was mailed after the deadline to respond to the IRS's revised SFR, but shortly before the 2009 notice of deficiency was issued—the IRS was obliged to base its deficiency determination on Edwards's own return, rather than the SFR.  Neither of his untimely returns invalidated the deficiency notices, or deprived the Tax Court of jurisdiction.  See, e.g., Stevens v. Comm'r, 709 F.2d 12, 13 (5th Cir. 1983) ("[T]he Tax Court's jurisdiction is predicated on the Commissioner's determination that a deficiency exists . . . not on the correctness of his determination . . . . The taxpayers' argument . . . that the notice was invalid because they had reported the reimbursement on an amended return filed before the notice was issued . . . . amounts to little more than a charge that the Commissioner was mistaken in determining that a deficiency existed.").

Edwards has not advanced any arguments on appeal challenging the Tax Court's dismissal of his petitions for lack of prosecution, and we do not see any error in the Tax Court's decision.  Edwards repeatedly failed to comply with the Tax Court's orders regarding cooperation and preparation for trial, did not file any pretrial memoranda, did not respond to the Court's order to call chambers, failed to appear for trial, and, finally, failed to respond to the motions to dismiss.

Accordingly, we will affirm the Tax Court's judgment.

6