# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60583
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2017

Lyle W. Cayce
Clerk

MARK Y. LIU; GINGER Y. BIAN,

      Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent - Appellee

Appeal from a Decision of the
United States Tax Court
TC No. 16841-14

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:*

      Several months after the U.S. Tax Court entered a decision incorporating an agreement between Petitioners-Appellants Mark Y. Liu and Ginger Y. Bian (the "Taxpayers") and the IRS Commissioner, Taxpayers filed a motion to vacate the decision, alleging it was procured by fraud. The U.S. Tax Court, finding no

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60583

evidence of fraud, dismissed the case. Taxpayers timely appealed. Finding no abuse of discretion, we AFFIRM.

## I.     BACKGROUND & PROCEDURAL HISTORY

On July 18, 2014,[1] Taxpayers, filing pro se, challenged a notice of deficiency they received for their 2011 tax filings. Thereafter, on August 28, 2014, Derek B. Matta, the attorney Taxpayers hired to represent them, filed an amended petition on Taxpayers' behalf. Only two days later, Taxpayers filed, pro se, a "Motion to Close Petition," stating that they "d[id] not want to contest the Notice of Deficiency for the taxable year 2011 in this Court and agree to pay for the increase in tax."

On September 15, 2014, Taxpayers filed a document styled "Ra[t]ification of Petition," wherein they claimed the August 28, 2014 amended petition "was filed by [their] former counsel . . . without [their] knowledge" and that they had fired Mr. Matta on August 30, 2014. The letter further stated that Taxpayers "[would] not contest the Notice of Deficiency in principle for the taxable year 2011" and that they had "reached a settlement of a [fifty percent] waiver of the penalties [owed]," referencing a phone conversation Taxpayers had had with Ashley Vaughn Targac, who represented the Commissioner of Internal Revenue. On October 2, 2014, the Tax Court entered a stipulated decision incorporating Taxpayers' agreement with Ms. Targac, which Taxpayers had signed on September 24, 2014, and Ms. Targac had signed on

---

[1] This case has a somewhat unorthodox procedural posture. Taxpayers initially brought the case before the Tax Court on April 17, 2014. Because Taxpayers had not yet received a notice of deficiency for 2011, however, the Commissioner filed a motion to dismiss the petition for want of jurisdiction. Taxpayers filed a response on July 18, 2014, attaching a notice of deficiency for their 2011 tax filings. Because the notice was dated May 5, 2014, eighteen days *after* Taxpayers first challenged their tax liability, the Tax Court entered an order directing the Clerk to accept Taxpayers' response "as an imperfect petition to commence the case at docket No. 16841-14."

No. 16-60583

September 26, 2014. The decision became final ninety days later, in accordance with 26 U.S.C. §§ 7481(a)(1) and 7483.

Over eighteen months later, on April 13, 2016, Taxpayers filed a "Motion to Vacate Decision" with the Tax Court, alleging that they had received "[three] Notice[s] of Levy for the tax year 2011," which they alleged "reopened the case."[2] In their motion, which the Tax Court restyled as a motion for leave to file out of time, Taxpayers averred that they had "discovered new evidence of misconduct[], fraud, abuse, conspiracy[,] and conflicts of interest between [their] attorney[,] Derek M. Matta[,] and the IRS attorney, Ashley Targac." Specifically, Taxpayers alleged that because Ms. Targac and Mr. Matta "were colleagues for many years at the IRS Houston Office" and that Mr. Matta had overseen the "whistleblower case" Mr. Liu brought against his former employer in 2005 and 2006, Ms. Targac and Mr. Matta had colluded to commit fraud on the Tax Court. Therefore, because "Mr. Matta [had] betrayed [them] by working for the opposing party, . . . [they] had no choice but to fire him . . . and sign[] the settlement agreement with Ms. [] Targac, who threatened to take the case to trial." Following a hearing, the Tax Court denied the motion on June 2, 2016. Taxpayers timely appealed.

## II.    DISCUSSION

This court reviews the Tax Court's denial of leave to file a motion to vacate for abuse of discretion. *See Williams v. Commissioner*, 145 F.3d 360, 360 (5th Cir. 1998) (citing *Westbrook v. Commissioner*, 68 F.3d 868, 874 (5th Cir. 1995)); *see also Davenport Recycling Assocs. v. Commissioner*, 220 F.3d 1255, 1259 (11th Cir. 2000). Except for a few narrow exceptions, once the Tax

---

[2] According to Ms. Targac, Taxpayers received these notices because, although they had paid their penalty, they were "being billed for the interest on the deficiency that accrued from the date that . . . the payment should have been made until the date of actual payment."

Court's judgment becomes final, the Tax Court lacks jurisdiction to vacate its decision. *Hilal v. Commissioner*, 237 F. App'x 932, 933 (5th Cir. 2007) (citing *Davenport Recycling Assocs.*, 220 F.3d at 1259). "This court . . . may reverse a discretionary denial by the Tax Court of post-opinion motions only if there are shown to be 'extraordinary circumstances' justifying reversal." *Williams*, 145 F.3d at 360 (quoting *Wilson v. Commissioner,* 500 F.2d 645, 648 (2d Cir. 1974) (citation omitted)).

On appeal, Taxpayers essentially argue that because of Mr. Matta's ties to Ms. Targac and his past involvement with Mr. Liu in a separate case, Mr. Matta "tricked" Taxpayers into accepting the settlement agreement's terms, which they aver constitutes fraud on the court. It is apparent from the record, however, that Taxpayers have presented no evidence of fraud. The settlement Taxpayers now challenge is one they, not Mr. Matta, negotiated with Ms. Targac. Moreover, both Mr. Liu and Ms. Bian signed the agreement several weeks *after* they ended Mr. Matta's employment with them. Accordingly, the Tax Court did not abuse its discretion in denying Taxpayers leave to file a motion to vacate the Tax Court's decision incorporating the settlement agreement.

## III.    CONCLUSION

For the reasons stated above, we AFFIRM the Tax Court's judgment in full.