# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60142

MARTIN GEORGE NITSCHKE,

      Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**
November 26, 2019

Lyle W. Cayce
Clerk

Appeal from a Decision of the
United States Tax Court
TC No. 11246-19

Before WIENER, HIGGINSON, and HO, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Martin George Nitschke ("Nitschke"), proceeding pro se, appeals the United States Tax Court's dismissal of his case for lack of jurisdiction. The Commissioner has moved for sanctions pursuant to 28 U.S.C. § 1912, Federal Rule of Appellate Procedure 38, and 26 U.S.C. § 7482(c)(4).[1] We AFFIRM the Tax Court's dismissal and DENY the Commissioner's motion for sanctions.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] On September 19, 2019, this motion was carried with the case.

No. 19-60142

I

On June 1, 2018, Nitschke mailed a petition to the Tax Court alleging that the Internal Revenue Service ("IRS") had not issued notices of deficiency and notices of determination to him for the years 2003 to 2017.[2] However, the IRS did issue a number of notices of deficiency and notices of determination to Nitschke for these years. Indeed, Nitschke petitioned the Tax Court for review in response to a number of these notices, illustrating his receipt of them.[3]

The Commissioner filed a motion to dismiss Nitschke's 2018 petition for lack of jurisdiction, arguing that Nitschke did not produce—and the Commissioner could not locate—a notice of deficiency or notice of determination sufficient to confer jurisdiction on the Tax Court. None of Nitschke's petitions in response to notices for the years 2003 to 2017 were ongoing, and the IRS had not issued any new notices sufficiently recently to confer jurisdiction on the Tax Court. Nitschke responded to the motion to dismiss by alleging that the Commissioner had committed fraud on the Tax Court. Specifically, he argued that there are no copies of the notices issued to him for the years 2003 to 2017 in the IRS's Master File, which the Internal Revenue Manual describes as "the official control records for all taxpayer accounts."[4] Because the IRS's Master File "does not document the legal

---

[2] Notices of deficiency inform the taxpayer that his or her tax liability, as calculated by the IRS, exceeds that reported in his or her tax return. *See* 26 U.S.C. §§ 6211(a), 6212(a). Notices of determination inform the taxpayer that the IRS intends to engage in a collection action, such as filing a notice of federal tax lien or levying. *See* 26 U.S.C. §§ 6320(a), 6330(a).

[3] Specifically, Nitschke petitioned the Tax Court for review in response to notices of deficiency concerning 2007, 2009, and 2011, and he petitioned the Tax Court for review in response to notices of determination concerning 2007, 2008, 2009, 2010, and 2012.

[4] INTERNAL REVENUE SERV., INTERNAL REVENUE MANUAL § 21.2.1.2.1, https://www.irs.gov/irm/part21/irm_21-002-001r.

existence" of valid notices, Nitschke claimed that the notices he previously received, and in some cases contested, are "fictitious."

The Tax Court granted the Commissioner's motion "[f]or the reasons set forth in respondent's motion to dismiss for lack of jurisdiction, [] filed July 26, 2018." The Tax Court also granted the Commissioner's motion for sanctions pursuant to 26 U.S.C. § 6673(a)(1) and imposed a penalty of $2,500 based on a finding that Nitschke "commenc[ed] this proceeding with a petition that contains patently false and groundless statements."

## II

We review the Tax Court's jurisdictional determination de novo. *Selgas v. Comm'r*, 475 F.3d 697, 699 (5th Cir. 2007). "The Tax Court is an Article I court of limited jurisdiction." *Estate of Smith v. Comm'r*, 429 F.3d 533, 537 (5th Cir. 2005). It may only exercise jurisdiction that has been conferred upon it by Congress. *Id.*

The Tax Court has jurisdiction to consider a timely filed petition contesting a notice of deficiency or a notice of determination. *Hauptman v. Comm'r*, 831 F.3d 950, 953 (5th Cir. 2016) (citing 26 U.S.C. § 6330); *Selgas*, 475 F.3d at 699 (citing 26 U.S.C. § 6213). Nitschke does not contest the Commissioner's assertion that no notice of deficiency or notice of determination exists that would render his petition timely. Instead, he argues that the Tax Court had jurisdiction to reconsider his tax liability for the years 2003 to 2017 based on his allegation of fraud on the court.

Although the Tax Court generally lacks jurisdiction to vacate a final decision, "the Tax Court and some Courts of Appeals recognize an exception to the finality rule if there has been fraud on the court." *Byers v. Comm'r*, 117 T.C.M. (CCH) 1382, 2019 WL 2516286, at *2 (2019) (citing *Drobny v. Comm'r*, 113 F.3d 670, 677 (7th Cir. 1997); *Snow v. Comm'r*, 142 T.C. 413, 422 (2014)). This court has recognized the possibility of such an exception in unpublished

opinions. *See, e.g.*, *Liu v. Comm'r*, 689 F. App'x 264, 265–66 (5th Cir. 2017); *Wilson v. Comm'r*, 309 F. App'x 829, 832–33 (5th Cir. 2009). Assuming that such an exception exists, Nitschke has not alleged facts sufficient to support a finding of fraud on the court.

> To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion. Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.

*Fierro v. Johnson*, 197 F.3d 147, 154 (5th Cir. 1999) (quoting *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996)).

Nitschke essentially argues that because the IRS's Master File, which the Internal Revenue Manual describes as "the official control records for all taxpayer accounts," does not contain copies of the notices sent to him for the years 2003 to 2017, those notices are "fictitious" and amount to fraud on the court.[5] We have previously held that the Internal Revenue Manual "is not legally binding and 'do[es] not create rights in the taxpayer.'" *Estate of Duncan v. Comm'r*, 890 F.3d 192, 200 (5th Cir. 2018) (alteration in original) (quoting *Oxford Capital Corp. v. United States*, 211 F.3d 280, 285 n.3 (5th Cir. 2000)). Moreover, it is not clear why the IRS's failure to maintain copies of the notices would render the documents that Nitschke received "fictitious." The fact that Nitschke petitioned the Tax Court for review after receiving notices of deficiency for 2007, 2009, and 2011 and after receiving notices of determination for 2007, 2008, 2009, 2010, and 2012, illustrates that these notices served their intended purpose. *See Selgas*, 475 F.3d at 700 ("[A] notice of deficiency is valid as long as it informs a taxpayer that the IRS has determined that a deficiency

---

[5] INTERNAL REVENUE SERV., INTERNAL REVENUE MANUAL § 21.2.1.2.1, https://www.irs.gov/irm/part21/irm_21-002-001r.

exists and specifies the amount of the deficiency."); 26 U.S.C. §§ 6320(a), 6330(a) (listing the requirements for a valid notice of determination, none of which involve the Master File). Nitschke has failed to allege facts that would support a finding of "an unconscionable plan or scheme which is designed to improperly influence the court." *Fierro*, 197 F.3d at 154 (quoting *First Nat'l Bank of Louisville*, 96 F.3d at 1573). Therefore, the district court did not err in dismissing the case for lack of jurisdiction.

## III

Upon determining that an appeal is frivolous, this court may issue sanctions under 28 U.S.C. § 1912, Federal Rule of Appellate Procedure 38, and 26 U.S.C. § 7482(c)(4). "Sanctions on *pro se* litigants are appropriate if they were warned . . . that their claims are frivolous and if they were aware of 'ample legal authority holding squarely against them.'" *Stearman v. Comm'r*, 436 F.3d 533, 538 (5th Cir. 2006) (quoting *Stelly v. Comm'r*, 761 F.2d 1113, 1116 (5th Cir. 1985)).

There is no evidence that Nitschke was warned that his claim of fraud on the court is frivolous. The Tax Court's decision to impose sanctions was based on a finding that Nitschke falsely claimed that the IRS did not issue particular notices to him, not on a finding that Nitschke's claim of fraud on the court was frivolous. Additionally, Nitschke's argument that the Tax Court had jurisdiction based on his claim of fraud on the court has not been shown to us to be foreclosed by binding precedent. In fact, in unpublished opinions, this court has recognized a possible exception to the finality rule when there has been fraud on the court. *See, e.g.*, *Liu*, 689 F. App'x at 265–66; *Wilson*, 309 F. App'x at 832–33.

We therefore AFFIRM the Tax Court's dismissal for lack of jurisdiction and DENY the Commissioner's motion for sanctions.