**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-2307**

---

WILLIAM ASHFORD,

Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee.

---

**No. 22-2308**

---

WILLIAM ASHFORD,

Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee.

---

Appeals from the United States Tax Court.  (Tax Ct. Nos. 17590-18; 2492-19)

---

Submitted:  July 25, 2023                         Decided:  July 27, 2023

---

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William Ashford, Appellant Pro Se.  Michael J. Haungs, Supervisory Attorney, Anthony T. Sheehan, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, William T. Ashford appeals the tax court's orders upholding the Commissioner's determination of a deficiency in his 2013 and 2014 income taxes and assessing additions to tax pursuant to 26 U.S.C. §§ 6651(a)(1), (2), 6654(a). He contends that the tax court lacked jurisdiction over his petition because the Internal Revenue Service ("IRS") employees who prepared the substitute returns and signed the notices of deficiency lacked the authority to do so. *See Ripley v. Comm'r*, 103 F.3d 332, 335 (4th Cir. 1996) (holding that valid notice of deficiency is a required for tax court jurisdiction).

The IRS is not required to prepare a substitute return under 26 U.S.C. § 6020(b) before determining a deficiency. *Selgas v. Comm'r of Internal Rev.*, 475 F.3d 697, 700 (5th Cir. 2007). We therefore conclude that the authority or lack thereof of the employee who prepared the substitute returns does not affect the validity of the notices of deficiency. Rather, a notice of deficiency is valid "as long as it informs a taxpayer that the IRS has determined that a deficiency exists and specifies the amount of the deficiency." *Id.* We likewise reject Ashford's challenge to the authority of the IRS employee who signed the notices of deficiency. Notably, the Tax Code does not require that a notice of deficiency be signed. *See* 26 U.S.C. § 6212; *see also Harriss v. Comm'r of Internal Rev.*, T.C. Memo. 2021-31, at *14 (2021) ("courts have consistently rejected . . . challenges to delegated authority to sign and issue notices of deficiency"). Because Ashford has failed to overcome the presumption of official regularity afforded notices of deficiency, *id.* at *10-11, we reject his challenge to the tax court's jurisdiction.

Ashford's informal brief does not challenge the tax court's determination of deficiencies in tax or its assessment of additions to tax. We conclude, therefore, that he has forfeited appellate review of the substance of the tax court's order. *See* 4th Cir. R. 34(b) (confining review to issues raised in informal brief); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

Accordingly, we affirm the tax court's orders. *Ashford v. Comm'r of Internal Rev.*, Nos. 17590-18; 2492-19 (T.C. filed Sept. 29, 2022; entered Sept. 30, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*